## Commonwealth ex rel. Padmonsky *v.* Smith, Warden.

Argued April 26, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Patrick J. Friel,* for relator.

*Adrian Bonnelly,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Oliver C. Cohen,* Assistant Deputy Attorney General, for respondent.

PER CURIAM, April 30, 1937:

The relator was convicted in the Court of Oyer and Terminer of Luzerne County on four indictments (Nos. 406, 407, 410 and 409 November Term, 1922) charging robbery, burglary, robbery and robbery respectively, and was sentenced, on December 19, 1922, to imprisonment at labor in the Eastern Penitentiary for a period of not less than seven and a half years nor more than twenty years on each indictment, said sentences to run consecutively.

By an error of the penitentiary authorities— see *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229,—the sentences were entered on the prison records as if for a single sentence of not less than thirty years nor more than eighty years.

In November, 1932, the Board of Pardons having recommended commutation, the Governor commuted the supposed minimum sentence of thirty years to a

minimum term of nine years and eleven months, expiring November 19, 1932; and on December 24, 1932, relator was paroled for the balance of an eighty year term, in assumed compliance with the Act of June 19, 1911, P. L. 1055 and its amendments, on the theory that he had served the minimum portion of said term.

While on parole he was convicted in the aforementioned court on an indictment (No. 586 A. September Term, 1933) charging assault with firearms, and on September 29, 1933, was sentenced to imprisonment at labor in said penitentiary for a period of not less than one and a half years nor more than three years, and pursuant thereto was recommitted to said penitentiary to serve the remainder of the term, under the provisions of section 10 of said Act of June 19, 1911, P. L. 1055, as amended.

Some question has arisen between the relator and the penitentiary authorities as to the date when he will be entitled to be discharged and the relator filed this petition for writ of habeas corpus in order to have the point determined.

His application, however, is premature. Under his own construction of the applicable statutes, he would not be entitled to be discharged from confinement before December 19, 1942; while the penitentiary authorities contend that under the ruling in *Com. ex rel. Lynch v. Ashe,* supra, the legal period of his confinement would extend to a much later date.

The writ of habeas corpus may be invoked whenever there is an improper detention of the relator after the expiration of his term of imprisonment (*Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Com. ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 115 A. 130), but it is not a substitute for an appeal (*Halderman's Petition,* supra, p. 2, *Com. ex rel. Greevy v. Reifsteck,* supra), nor a method of securing a declaratory judgment. We have

allowed it to correct an illegal sentence (*Halderman's Case,* 53 Pa. Superior Ct. 554) and in cases where if legally sentenced the relator would be entitled to a discharge (*Com. ex rel. Bishop v. Smith,* 123 Pa. Superior Ct. 79, 186 A. 763) or be eligible for release on parole (*Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 186 A. 810), which the relator is not, (*Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 255, 180 A. 179).

Relator admits that he is legally confined in the penitentiary and that under no possible construction of the applicable statutes is he entitled to be discharged before December 19, 1942. His petition is, therefore, premature (*Com. ex rel. Lynch v. Ashe,* supra), and we shall not anticipate matters by discussing the merits of his contention five and a half years before he can properly ask for its consideration on a writ of habeas corpus.

The petition is dismissed, without prejudice etc.