## Commonwealth ex rel. Sloan *v.* Ashe, Warden.

Argued May 6, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and RHODES, JJ.

*Herman M. Hollander,* for relator.

*Louis L. Kaufman,* with him *Andrew T. Park,* Dis-
trict Attorney, and *Geo. F. P. Langfitt,* First Assistant
District Attorney, for respondent.

OPINION BY CUNNINGHAM, J., October 6, 1938:

As we understand the record in this habeas corpus
proceeding, instituted under the Act of February 18,
1785, 2 Sm. L. 275, 12 PS §1871, et seq., John B. Sloan,
the relator, is detained in the Western State Peniten-
tiary under four commitments issued upon the same
date—October 23, 1929,—out of the Court of Oyer and
Terminer of Allegheny County, as a result of his con-
viction upon four separate indictments charging him
with the crimes of burglary and robbery. Three of the
commitments are based upon sentences for specified
minimum and maximum terms and the fourth upon
a sentence to life imprisonment, pronounced under the
second section of the so-called habitual criminal act of
April 29, 1929, P. L. 854, 19 PS §922. The sentences
under which the relator is now confined were imposed
upon the above mentioned 23d day of October, 1929,
after his conviction on that day at the following num-
bers and terms of the following crimes:

(a)   No. 5 November Sessions, 1928, for burglary
committed on April 27, 1928, not less than ten or more
than twenty years;

(b)   No. 92 February Sessions, 1929, for robbery
committed December 22, 1928, not less than ten or
more than twenty years;

(c)   No. 58 September Sessions, 1929, for robbery
committed April 26, 1929, not less than ten or more

than twenty years—these sentences to run consecutively;

(d)   No. 56 September Sessions, 1929, for robbery committed July 29, 1929, life imprisonment.

On April 5, 1938, the relator presented his petition to this court for a writ of habeas corpus, upon which we granted a rule to show cause why it should not issue. No question was raised by the petition with respect to the legality or regularity of the three minimum and maximum consecutive sentences, above set forth under paragraphs (a), (b), and (c), under which sentences the relator will be required to serve a minimum period of thirty years from October 23, 1929, unless pardoned or otherwise legally discharged.

It is averred, however, in the petition that "the conviction obtained at No. 56 September Sessions, 1929, [paragraph (d) above] was not such a conviction as would come within the meaning of the Act of April 29, 1929, P. L. 854." The sentence of life imprisonment is, therefore, the only one attacked in the petition as being "illegal and void." Although reference is made to the convictions enumerated in paragraphs (a), (b), and (c), under which relator would still be lawfully in the custody of the respondent even if no sentence to life imprisonment had been imposed, the prayer of the petition is that we "issue a writ of habeas corpus directed to the Warden of the Western Penitentiary of the State of Pennsylvania for [relator's] relief, in accordance with the Act of Assembly approved February 18, 1785, for the reason that he is being *illegally restrained* of his liberty in violation of law." (Italics supplied) The inconsistencies between the averments of the petition and its prayer are so apparent that further comment is unnecessary.

In the answer filed on behalf of the respondent it is alleged, in substance, that the sentence to life imprisonment is authorized by the habitual criminal act of

1929, supra, and that even if unauthorized, the present application is premature because the relator would not be entitled to be released, or remanded for a legal sentence, until the expiration of his aggregate minimum term of thirty years under his sentences at No. 5 November Sessions, 1928, No. 92 February Sessions, 1929, and No. 58 September Sessions, 1929,—paragraphs (a), (b), and (c).

The crimes of burglary and robbery are included in the class of crimes specified in the habitual criminal act and the robbery for which relator was convicted at No. 56 September Sessions, 1929, was committed subsequent to the approval of the act. The second section thereof reads:

"A person who, after having been three times convicted, within or without this commonwealth, of crimes of the character above set forth, or of attempt to commit any such crimes, shall, upon conviction of any such crimes for a fourth or subsequent offense committed within five years after the prior offense, be sentenced, in the discretion of the judge trying the case, to imprisonment in a State Penitentiary for the term of his natural life."

It is apparent from the terms of the sentence to life imprisonment pronounced on October 23, 1929, that the learned trial judge in imposing it relied chiefly upon the previous criminal record of the relator. The records of the court below disclosed that on June 9, 1922, he was convicted of three burglaries and one robbery under indictments found at No. 49 April Sessions, 1921, for a robbery committed March 1, 1921; at No. 8 April Sessions, 1922, for a burglary committed January 17, 1922; at No. 7 April Sessions, 1922, for another burglary committed January 17, 1922; and at No. 9 April Sessions, 1922, for a burglary committed September 23, 1921.

On the same day (June 9, 1922) the relator was sen-

tenced to four consecutive terms of imprisonment aggregating a minimum of twelve and a maximum of twenty years, but was pardoned on April 29, 1927. Within five years after relator was set at liberty he committed the robbery of July 29, 1929, for which the sentence of life imprisonment was imposed.

It is contended in behalf of relator that in order to sustain a sentence of life imprisonment for a "fourth or subsequent offense" it is essential that the prior convictions be had at separate and distinct times, each conviction after the first being obtained after completion of the punishment for the preceding one, and that as the convictions above recited were all obtained on the same day they did not constitute a legal basis for the sentence of life imprisonment here imposed. Counsel for relator, pointing out that it is provided by the first section of the Act of 1929 that any person, upon conviction of any of the crimes therein specified "for a second offense committed within five years after the first offense, or subsequent offense committed within five years after the prior offense," may be "sentenced to imprisonment for a term the maximum of which shall not be more than twice the longest term prescribed upon a first conviction for the crime in question," argue that the legislature intended to give a defendant "three distinct opportunities for reformation after three distinct convictions" before authorizing that he be imprisoned for life.

If the question of the validity of the sentence to life imprisonment had been brought before us by an appeal from it, or if that sentence were the only one under which relator is now detained, much could be said in support of the relator's contention. By the express provisions of the statute a sentence to life imprisonment is reviewable on appeal "not only as to alleged legal errors but also as to the justice thereof." It is at least doubtful whether the contemporaneous convic-

tions recited in the sentence were such "convictions" as are contemplated by the act. See *Com. v. Sutton,* 125 Pa. Superior Ct. 407, 189 A. 556, and *Com. v. Woodward,* 110 Pa. Superior Ct. 478, 168 A. 347.

We, however, express no opinion with respect to the legality of the sentence to life imprisonment because that question is not now before us. It is clear from what has already been said that the relator does not question the validity of the three sentences under which he will be legally detained at least until October, 1959, unless pardoned or otherwise lawfully released. This situation brings the present case within the ruling of this court in *Com. ex rel. Padmonsky v. Smith,* 127 Pa. Superior Ct. 24, 191 A. 684.

There, as here, the relator sought to use habeas corpus proceedings as a substitute for an appeal, long after the time for appealing had passed but before his admitted minimum sentences had expired. Padmonsky was convicted on three indictments charging robbery and one charging burglary and sentenced, December 19, 1922, on each indictment, to not less than seven and one half nor more than twenty years, the sentences to run consecutively. He was subsequently paroled, but while on parole was, in 1933, convicted and sentenced on an indictment charging assault with firearms and accordingly recommitted for the balance of his original term under the provisions of Section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305. In 1937 he filed his petition for habeas corpus in this court, in an effort to settle a controversy with the penitentiary authorities as to when he would be entitled to a discharge. In a Per Curiam opinion, we said (page 26) : "His application, however, is premature. Under his own construction of the applicable statutes, he would not be entitled to be discharged from confinement before December 19, 1942. ...... The writ of habeas corpus may be invoked whenever there is an

improper detention of the relator after the expiration of his term of imprisonment (*Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Com. ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 115 A. 130), but it is not a substitute for an appeal (*Halderman's Petition,* supra, p. 2, *Com. ex rel. Greevy v. Reifsteck,* supra), nor a method of securing a declaratory judgment."

To what was there said we may add that where the only ground upon which a relator is detained is a sentence in excess of the punishment prescribed for the offense of which he has been convicted, he may be remanded, upon habeas corpus, for resentence in accordance with law: *Halderman's Case,* 53 Pa. Superior Ct. 554, 558.

For instance, even if the sentence to life imprisonment in this case were the only cause for the detention of the relator and that sentence should be adjudged illegal, he would not be entitled to be released, but only to be remanded for a lawful sentence for the robbery committed July 29, 1929, and of which he was convicted at No. 56 September Sessions, 1929.

All we decide at this time is that the relator's present application for a writ of habeas corpus is premature.

The rule is discharged without prejudice to the right of relator to renew his application when the sentence to life imprisonment, at No. 56 September Sessions, 1929, of the Court of Oyer and Terminer of Allegheny County, becomes the sole cause for his detention.