## Com. ex rel. Toliver *v.* Ashe, Warden.

PER CURIAM, September 8, 1939:

This is an application for a writ of habeas corpus. Petitioner was sentenced on September 18, 1929, for a minimum of four and a maximum of eight years on each of two bills of indictment, the sentences to run consecutively. On September 22, 1937, the second sentence was commuted to a minimum of one day, the maximum remaining unchanged. On November 23, 1937, petitioner was paroled. On September 14, 1938, he was convicted and sentenced on a bill of indictment to a term of not less than four and a half nor more than nine years, this sentence to run concurrently with imprisonment for violation of parole.

Petitioner alleges: (1) That he should not have been tried originally on two bills of indictment at the same time; but the record does not indicate that he made any demand to the contrary at the time of trial. (2) That there were no colored persons on the jury which convicted him; but there is no evidence that any such persons were illegally excluded. (3) That the jury disagreed as to his guilt; but the record shows that a verdict of guilty was rendered. (4) That the original sentences should have been made to run concurrently; but they were imposed, not upon two counts constituting a single offense, but upon two indictments for wholly distinct crimes. (5) That the testimony was not stenographically reported; but there was no request to that effect or that the testimony be made a part of the record. Most of petitioner's complaints, even if they were of any merit, could properly be presented only on an appeal from the conviction, and not on habeas corpus proceedings.

Petitioner admits that under the ruling in *Commonwealth ex rel. Lynch v. Ashe,* 320 Pa. 341, he had the entire second sentence of eight years to serve at the time he was paroled, but he contends that the application of that ruling to his case was illegal because of an alleged previous practice whereby a prisoner under

consecutive sentences was recorded on prison records as beginning the second sentence immediately upon the expiration of the minimum of the first. The decision referred to is not to be limited in its application merely because the law may previously have been otherwise interpreted in the course of prison administration.

The present application is in any event premature. Petitioner is now serving a term of four and a half to nine years under a sentence wholly unrelated to his detention for parole violation.

The rule to show cause why the writ should not issue is discharged.