Commonwealth ex rel. Lewis *v.* Ashe, Warden.

PER CURIAM, November 22, 1940:

This petition for writ of habeas corpus, in its essential averments, is only a presentation to this court of the same matters which were urged by the relator upon the Supreme Court by petition for his discharge under writ of habeas corpus filed May 26, 1939 to 1039 Miscellaneous Docket, and dismissed by order filed July 3, 1939 (335 Pa. 575, 7 A. 2d 296), without prejudice to his right to have his sentence for breaking and escaping penitentiary entered to No. 28 November Term 1932 in the Court of Quarter Sessions, etc. of Centre County, corrected at the expiration of the consecutive sentences imposed on him in the Court of Oyer and Terminer of Allegheny County to Nos. 22 and 24 April Term 1926, so as to conform with the Criminal Code of 1860, P. L. 382, sec. 3; the 'original sentence' of imprisonment, which he was serving when he escaped having been the sentence to No. 22 April Term 1926, Allegheny County, of not less than five nor more than ten years— see *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185; *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A.

358

229; and *Com. ex rel. Padmonsky v. Smith,* 127 Pa. Superior Ct. 24, 26, 27, 191 A. 684.

It further appears that the relator, following the entry of said order, applied to the Supreme Court of the United States for a writ of certiorari to review said order, upon which that Court, on October 23, 1939, made the following order (see 308 U. S. 596) : "On consideration of the petition for a writ of certiorari to the Supreme Court of the Commonwealth of Pennsylvania and of the argument of counsel thereupon, it is now here ordered by this Court that the said petition be, and the same is hereby, denied."

When a petition for writ of habeas corpus has been considered and refused by the Supreme Court of this Commonwealth, and a writ of certiorari to such order has been refused by the Supreme Court of the United States, this Court will not further review or consider the matters so passed upon and decided.

The petition is dismissed without prejudice, etc. as above stated.