Commonwealth ex rel. Mors *v.* Burke,
Acting Warden

PER CURIAM, September 26, 1945:

The relator, Blas Mors, the petitioner in a writ of habeas corpus was indicted and convicted on May 23, 1939, of second degree murder and sentenced on June 2, 1939, for a term of not less than ten or more than twenty years in the Eastern State Penitentiary. The relator alleges certain trial errors and irregularities—not involving the question of jurisdiction of the court—and seeks to be discharged from further imprisonment. He was represented by counsel who took an active part in the trial, so that his rights in that respect were amply protected. A writ of habeas corpus is not a substitute for an appeal: *Commonwealth ex rel. Shultz v. Smith,* 139 Pa. Superior Ct. 357, 11 A. 2d 656. It may be invoked, for example, when an illegal sentence has been imposed or if there is an improper detention of the relator after the expiration of his term of imprisonment, or if a prisoner is eligible for release on parole: *Commonwealth ex rel. Penland v. Ashe,* 341 Pa. 337, 19 A. 2d 464. See, also *Commonwealth ex rel. Padmonsky v. Smith,* 127 Pa. Superior Ct. 24, 191 A. 684. The petitioner does not seek relief on any of these grounds. But if certain basic and fundamental errors are shown, a writ may issue, notwithstanding defendant has failed to appeal from the judgment: *Commonwealth ex rel. Shultz v. Smith,* supra, p. 367.

The petition fails to disclose any fundamental error that created an injustice, or any other just reason to grant the relief sought. Petition is dismissed.