Commonwealth ex rel. Simpson, Appellant,
*v.* Burke.

Submitted March 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Raymond Simpson,* appellant, in propria persona, submitted a brief.

*Michael von Moschzisker,* First Assistant District Attorney, *John T. Curtin,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee, submitted a brief.

OPINION BY GUNTHER, J., July 17, 1952:

Relator was charged in the bill of indictment with having entered a "pay station telephone booth situated and located in the Broad Street Pennsylvania Station" in Philadelphia with intent to commit a felony therein. He has filed this petition for writ of habeas corpus alleging that a pay station telephone booth is not a

building within the meaning of Section 901 of The Penal Code of 1939; that the indictment should have charged relator with having violated Section 903 of The Penal Code which deals with burglary of railroad cars. Relator contends here that a pay station telephone booth is not a building within the meaning of Section 901. There is no merit to relator's argument, but there are two valid reasons which eliminate the necessity for any consideration of that question.

First, the very question submitted by this relator has been decided against him by the Supreme Court. The record discloses (253 Misc. Docket No. 9 Eastern District) that on May 26, 1949, relator filed his petition for a writ of habeas corpus in the Supreme Court. That Court on June 24, 1949, dismissed the petition and refused a reargument by an order entered on March 19, 1950. Relator does not now contend that the present proceedings submit any material or relevant issues not disposed of or decided in the habeas corpus proceeding before the Supreme Court. In such circumstances, we will not review the matter. *Commonwealth ex rel. Lewis v. Ashe,* 142 Pa. Superior Ct. 357, 16 A. 2d 433.

Second, the question of the sufficiency or insufficiency of the evidence to sustain a conviction cannot be raised by habeas corpus. *Commonwealth ex rel. Marelia v. Burke,* 366 Pa. 124, 126-127, 75 A. 2d 593.

Order refusing petition for writ of habeas corpus affirmed.