UNITED STATES ex rel. Carmac
McNELIS, Petitioner,

v.

PENNSYLVANIA BOARD OF PAROLE,
and Frank C. Johnston, Warden, West-
ern State Penitentiary, Respondents.
No. 1967.

United States District Court
W. D. Pennsylvania.

May 21, 1956.

McILVAINE, District Judge.

The petitioner prays for leave to file a petition for a writ of habeas corpus in forma pauperis and for a writ of habeas corpus.

From the petition it appears that the petitioner on January 20, 1949, was sentenced to a five-to-ten year term of imprisonment in the Western State Penitentiary by the Court of Oyer and Terminer of Allegheny County, Pennsylvania, at No. 6, January Term, 1949. The sentence was effective from December 13, 1948. It also appears that the petitioner is presently confined as a result of this sentence, for under the law of Pennsylvania a five-to-ten year sentence such as this would be considered a ten year sentence. This was pointed out by the Supreme Court of Pennsylvania in Commonwealth ex rel. Carmelo v. Smith, 347 Pa. 495, 496, 32 A.2d 913, 914, when the Court held that:

"A 'sentence for an indefinite term must be deemed a sentence for the maximum term described by law as a punishment for the offense committed.' Commonwealth v. Kalck, 239 Pa. 533, 541, 87 A. 61, 64. In that case, we quote from President Judge Sulzberger in Commonwealth ex rel. Bates v. McKenty, 52 Pa.Super. 332, as follows: 'Assuming as we do, for the purpose of interpreting the statute, that it is constitutional, it necessarily follows that the maximum sentence is the only portion of the sentence which has legal validity, and that the minimum sentence is merely an administrative notice by the court to the executive department, calling attention to the

legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined.' "

The sentence of the petitioner was effective from December 13, 1948, and ten years would not expire prior to December 13, 1958, plus any time that was not served while the petitioner was out of the penitentiary as a result of a prison break which he took part in during his confinement. As a result of this prison break, he received a suspended sentence and does not presently appear to be confined as a result of the prison break but is still confined under his original sentence. Subsequent to the prison break and his return to the penitentiary, he made application to the Parole Board for parole which was denied by the Parole Board who stated that the denial was because of his criminal record, unsatisfactory institutional adjustment, including participation in a major prison break and other reasons based upon consideration of factors prescribed in Section 19 of the Parole Act, 61 P.S. § 331.-19. It does not appear that the petitioner has made any application since 1953 for reconsideration or for parole but he alleges that the action of the Parole Board in denying him parole in 1953 violated certain inalienable rights guaranteed to him under the 5th Amendment to the United States Constitution.

Viewing the petition most favorably in favor of the petitioner it appears that he is asking this Court to issue a writ of habeas corpus because the Parole Board has denied him parole and, thus, violated certain of his constitutional rights. It does not appear that he had ever attempted to raise this question in the Courts of Pennsylvania, but comes directly to the United States District Court.

■ The United States Court of Appeals for the Third Circuit in a somewhat similar situation noted that in Pennsylvania parole is purely a matter of grace and not of right.

" 'It does not obliterate the crime or forgive the offender. It is not an act of clemency, but a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls. It does not set aside or affect the sentence; the convict remains in the legal custody of the state and under the control of its agents, subject at any time, for breach of condition, to be returned to the penal institution.' " United States ex rel. Bogish v. Tees, 3 Cir., 1954, 211 F. 2d 69, 71.

■ However, it is clear that before this Court may entertain a petition for writ of habeas corpus under Section 2254 of Title 28 United States Code, it must appear that the applicant has exhausted the remedies available to him in the State Court, Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, or that such remedies are unavailable or ineffective. While it is true that the Pennsylvania Supreme Court has stated that the fairness and impartiality of a hearing before the Parole Board and the propriety of its action in denying a parole after the expiration of a minimum sentence to a prisoner in legal custody under a valid sentence are not reviewable by that Court, Commonwealth ex rel. Biglow v. Ashe, 1944, 348 Pa. 409, 35 A.2d 340, nevertheless, there are certain remedies available to the petitioner in the Commonwealth of Pennsylvania which he must resort to before this Court could consider granting him a writ of habeas corpus. The petitioner does have the right to request issuance of a writ of mandamus by the Court of Common Pleas of Dauphin County, Pennsylvania, who has jurisdiction to entertain such a writ against the Parole Board if the Board has not followed the law or if it has acted so arbitrarily as to amount in fact to no actual exercise of discretion at all. United States ex rel. Bogish v. Tees, 3 Cir., 1954, 211 F.2d 69. See also Com-

monwealth ex rel. Balles v. Pennsylvania Board of Parole, 1950, 61 Dauph., Pa., 361; Commonwealth ex rel. Brink v. Pennsylvania Board of Parole, 1953, 65 Dauph., Pa., 53; Commonwealth ex rel. Kinder v. Day, 1954, 2 Pa.Dist. & Co.2d 227, 67 Dauph., Pa., 36.

As pointed out above, it is exceedingly doubtful whether this Court could grant a writ of habeas corpus to reverse the action of the Parole Board in denying the petitioner parole. However, since it affirmatively appears to the Court from the face of this petition that the petitioner has failed to exhaust all State remedies or that such remedies are not unavailable or ineffective, his petition for leave to file a writ of habeas corpus in forma pauperis and his petition for a writ of habeas corpus should be and hereby is denied.