Harold S. THOMPSON, Petitioner,

v.

Angelo C. CAVELL, Warden, Western State Penitentiary, Pittsburgh, Pennsylvania, Respondent.

2121 Misc.

United States District Court
W. D. Pennsylvania.

Dec. 27, 1957.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

McILVAINE, District Judge.

Petitioner, Harold S. Thompson, through counsel has filed a petition for a writ of habeas corpus and seeks leave to proceed in forma pauperis. In the petition it is alleged that while serving a term in the Western State Penitentiary after conviction of rape and robbery at No. 164, March Term, 1949, in the Court of Oyer and Terminer of Allegheny County, which sentence was for a term of 7½ to 15 years, commencing March 7, 1949, the petitioner was convicted at No. 554, May Term, 1953, in the Quarter Sessions Court of Allegheny County, Pennsylvania, on the charge of riot, prison breach, and riotous destruction of property and there was sentenced to a prison term of 1½ to 3 years for said offense commencing September 2, 1956. The petitioner does not challenge the conviction for rape and robbery for which he was sentenced from 7½ to 15 years, but alleges that his sentence for prison breach was in violation of the Constitution and the laws of the United States. He further alleges that he was subjected to cruel and inhuman punishments, but does not specifically state when these occurred at the Western State Penitentiary, but a reading of the petition indicates that these probably occurred sometime in 1953. He further avers that he was transferred from the Western State Penitentiary after his conviction for prison breach and was not able to file timely appeals from that conviction because he was incarcerated in the prison at Graterford where he was subjected to beatings and cruel treatment. This was in March of 1955.

Thereafter he filed a petition for habeas corpus at No. 837 October Term, 1955, in the Court of Common Pleas, Allegheny County, and alleges that his custody was illegal because he had been subjected to cruel and brutal punishment while incarcerated in Graterford in March, 1955, and that his conviction for prison breach was in violation of the due process clause of the 14th Amendment to the Constitution. These allegations were considered by the Court of Common Pleas of Allegheny County and in an opinion the Court denied his application for a writ of habeas corpus which decision is reported at Com. ex rel. Thompson v. Day, 104 Pittsb. Leg. J. 317. This decision was sustained by the Superior Court of Pennsylvania, 182 Pa.Super. 644, 128 A.2d 133. An allocatur was refused by the Supreme Court of Pennsylvania and petitioner alleges that the United States Supreme Court has denied him a writ for certiorari, 78 S.Ct. 65.

■ The petitioner's allegations briefly are that his conviction for prison breach was illegal and that he has been subjected to cruel and inhuman treatment in the past. A writ of habeas corpus can only issue if the Court finds that someone is being deprived of his liberties in violation of the Constitution and laws of the United States. We must then look to see under what authorities and under what circumstances the petitioner is being incarcerated.

■■ The petitioner was sentenced on March 7, 1949, to a term of 7½ to 15 years in prison. He makes no allegation that this sentence is illegal. Therefore, from the face of the petition it is apparent that the petitioner is incarcer-

ated under a lawful sentence for under the law of Pennsylvania his sentence is a 15 year sentence and the maximum term would not expire until March 7, 1964. The minimum, which he alleges expired on September 7, 1956, does not mean that Pennsylvania will release someone at that time. It is only an administrative notice by the court to the executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined. It is obvious that under the law of Pennsylvania no prisoner has the unqualified right to be released; merely that the executive department may consider whether or not to grant a parole. See U. S. ex rel. McNelis v. Pennsylvania Board of Parole, D.C.W.D.Pa.1956, 141 F.Supp. 23; Commonwealth ex rel. Carmelo v. Smith, 347 Pa. 495, 32 A.2d 913. Therefore, even if we would assume that the conviction for prison breach was unlawful we could not order petitioner's release at this time because he is in addition to serving the sentence for prison breach at the present time also serving a lawful sentence that will not expire until March 7, 1964.

Turning then to his allegation that he has been subjected to cruel and inhuman treatment while confined in the State Penitentiary at Graterford, such mistreatment would not be treated lightly by the Courts of Pennsylvania or casually ignored. See the Opinion of Judge Alpern reported at Com. ex rel. Thompson v. Day, 104 Pittsb. Leg. J. 317, 320.

There is no allegation that he is presently being subjected to cruel and inhuman treatment. This Court is aware of the fact that there were riots at the Western State Penitentiary in 1953, and for some period of time following these riots conditions at the Penitentiary were undoubtedly very unsettled. But since that time various investigations have been carried out by the Commonwealth and changes instituted in the administration of the prison. The "hole" has apparently been abolished. See Transcript of Proceedings before Judge Alpern, p. 8, Court of Common Pleas, Allegheny County, Pa., No. 837, October Term, 1955.

In habeas corpus proceedings the district judge is not limited to a simple remand or discharge of the prisoner, but he may dispose of the party as law and justice require. Even if the alleged mistreatment of the prisoner was in fact proven and continued to the present time, the right of society to be protected from convicted criminals of this type might demand that this man be remanded to the state authorities with direction that the petitioner's retained civil rights be respected. Coffin v. Reichard, 6 Cir., 143 F.2d 443, 445, 155 A.L.R. 143. The allegations of cruel and barbarous treatment are incidents that allegedly happened two years ago. There is no allegation in his petition that his retained civil rights are not being respected at the present time. There is nothing in his petition that sets forth any reasons why a further hearing in this case should be granted. His petition has been considered, with counsel representing him, in the Courts of Allegheny County and in the Superior Court of Pennsylvania. The law of Pennsylvania holds that where petitioner has at no time complained to the Bureau of Correction in the Department of Justice or to the Board of Trustees of mistreatment in the penitentiary, making him a victim of cruel and unusual punishment, then he has not exhausted his administrative remedies provided for him by law, and that a petition for a writ of habeas corpus should be dismissed. Com. ex rel. Thompson v. Day, 1956, 182 Pa.Super. 644, 128 A.2d 133. One who applies for relief because of cruel and unusual punishment must exhaust all available remedies in his state courts before making any application to the federal courts. Sweeney v. Woodall, 344 U.S. 86, 89, 73 S.Ct. 139, 97 L.Ed. 114. The emphasis is upon the *right* of a prisoner to present his claim and upon

22

the *availability* of state corrective process. United States ex rel. Kozicky v. Fay, 2 Cir., 1957, 248 F.2d 520, 523.

■ This Court does not feel that anything said here is contrary to the views expressed in our Circuit in Johnson v. Dye, 3 Cir., 1949, 175 F.2d 250. There Judge Biggs pointed out that the evidence showed a continuing course of action by the Georgia authorities to treat chain gang prisoners with persistent and deliberate brutality at or about the time of petitioner's punishment and for some years thereafter. He stated that history is as potent a force as anticipation. Here the allegations do not meet the test there laid down. Here the circumstances indicate that the alleged brutality on which the petitioner bases his claim for relief occurred in an institution outside of this district, more than two years ago, and in a place in which he is no longer confined. The allegation of cruel and inhuman treatment in Western State Penitentiary in 1953 is not included in his second ground for release, i. e. the claim for cruel and barbarous treatment at Graterford in 1955. There is no allegation that the cruel and unusual treatment persisted, nor is it claimed that it exists at the present time. There is no allegation that such cruel and unusual punishment was the customary treatment of this or other prisoners. History certainly does not show that the great Commonwealth of Pennsylvania has a custom of cruel and barbarous treatment of its convicts. Nor does history show that it is the custom of Pennsylvania authorities to treat its prisoners with persistent and deliberate brutality. The petitioner himself makes no such allegations.

■ The petitioner here is seeking to proceed in forma pauperis. Such permission will not be granted unless the proposed petition for habeas corpus discloses that the appellant has a sufficiently meritorious cause for relief by habeas corpus. Vol. 15 Cyclopedia Federal Procedure § 86.97.

For the reasons set forth in this opinion, this Court does not feel that the proposed petition discloses that the appellant has a sufficiently meritorious cause for relief. Accordingly, the petitioner's application for leave to file a petition in forma pauperis is denied, and his petition for a writ of habeas corpus is also denied.