## Commonwealth ex rel. Harris v. Myers

*William Harris*, p. p., for relator.

*Anthony J. Smith*, Assistant District Attorney, *Arlen Specter*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, for Commonwealth.

GUERIN, J., February 27, 1961.—Petitioner sought a writ of habeas corpus. A rule to show cause why his petition should not be granted was allowed and an answer filed by respondent superintendent. Upon hearing the petition was dismissed and the rule to show cause discharged.

On April 17, 1959, after trial by jury, petitioner was adjudged guilty of aggravated robbery on bill no. 690, January term, 1959. Thereafter, petitioner filed a motion for a new trial which was heard and denied. No appeal therefrom was taken. On August 8, 1959, a sentence of from 7 to 20 years was imposed and petitioner delivered over to the Eastern Correctional Diagnostic and Classification Center. Subsequently, petitioner was transferred to the State Correctional Institution at Graterford.

Petitioner argues that he is being illegally restrained for the following reasons: First, that the prosecutor was overzealous in the prosecution and conduct of his trial; secondly, that the trial judge did not fairly and impartially hear petitioner's case; thirdly, that the evidence against petitioner was insufficient to warrant his conviction. After a thorough study of the record, we are of the opinion that there is absolutely no substance to any of the above contentions.

It is clear from a study of petitioner's brief, as well as from the record, that no error, let alone fundamental error, occurred in the course of his trial to warrant relief by habeas corpus. Assuming arguendo that petitioner's complaints were supported by the record, habeas corpus is not the appropriate action; the proper remedy should have been by appeal, since it is well established that a writ of habeas corpus cannot be made the substitute for normal appellate review. See Commonwealth ex rel. Lewis v. Ashe, 335 Pa. 575; Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305, 310. See also 17 P. L. Encyc., Habeas Corpus §3.

For the above reasons, the petition was dismissed and the rule to show cause discharged.