UNITED STATES of America ex rel. Isaiah JOHNSON

v.

COMMONWEALTH OF PENNSYLVANIA, David N. Myers, Superintendent, State Correctional Institution, Graterford, Pennsylvania.

Misc. No. 2647.

United States District Court
E. D. Pennsylvania.

Jan. 22, 1965.

———◇———

Isaiah Johnson, in pro. per.

No appearance for respondent.

VAN DUSEN, District Judge.

Petitioner in this case has been granted leave to proceed in forma pauperis. He is a prisoner at the Pennsylvania State Correctional Institution at Grater-

ford. He alleges that respondent Myers, Warden of that institution, has impeded practice of his religion by denying the following (Document 1):

"1. A RELIGIOUS ADVISER OF THE TEMPLE OF ISLAM, AS TAUGHT BY THE MOST HONORABLE ELIJAH MUHAMMAD.

"2. FREEDOM TO CORRESPOND WITH OUR RELIGIOUS ADVISERS AND FOLLOWERS OF THE RELIGION OF ISLAM.

"3. A DESIGNATED PLACE AND FACILITIES SET ASIDE WHEREBY PETITIONERS MAY WORSHIP IN PEACE.

"4. FREEDOM TO RECEIVE PAMPHLETS, BOOKS AND NEWSPAPERS WRITTEN AND PUBLISHED BY THE MOST HONORABLE ELIJAH MUHAMMAD, SPIRITUAL LEADER OF THE NATION OF ISLAM.

"5. COMPLETE SEPARATION FROM THE INMATE POPULATION OF THE CORRECTIONAL INSTITUTION AT GRATERFORD, PENNSYLVANIA."

The Petition is denied because petitioner has not shown that he has exhausted the other remedies, particularly administrative, open to him. The proper way to remedy alleged injury caused by the way in which a state prison is managed is to process the complaint through the appropriate administrative channels and the state courts. Green v. United States, 283 F.2d 687 (3rd Cir. 1960); Kelly v. Dowd, 140 F.2d 81 (7th Cir. 1944), and cases there cited; Morrison v. Myers, Civil Action No. 26554, E.D.Pa., February 18, 1960; Com. ex rel. Thompson v. Day, 182 Pa.Super. 644, 648, 128 A.2d 133 (1956). Cf. United States ex rel. McClarin et al. v. Hendricks, Civil Action No. 34446, E.D.Pa., December 11, 1963. In the Morrison case, supra, Judge Kraft quoted the following language of Chief Judge Gourley in Morrison et al. v. Cavell, No. 2–57 Miscellaneous, W.D.Pa., September 24, 1957:

"Under the Constitution of the United States, more particularly the Fourteenth Amendment, the government of the United States is not concerned with, nor has it power to control or regulate, the internal discipline of the penal institutions of its constituent states, and all such powers are reserved to the individual states. Siegel et al. v. Ragen, 7 Cir., 180 F.2d 785, cert. denied 339 U.S. 990 [70 S.Ct. 1015, 94 L.Ed. 1391], rehearing denied 340 U.S. 847 [71 S.Ct. 12, 95 L.Ed. 621]; U. S. v. Jones, 5 Cir., 207 F.2d 785."

And in the Thompson case, supra, the court there said, 182 Pa.Super. at 648–649, 128 A.2d at 136:

"In this State the Department of Justice has the power and the obligation 'to supervise and control' our State penitentiaries. The Act of April 9, 1929, P.L. 177 with its additions, also provides for a Bureau of Correction in the Department of Justice, 71 P.S. § 301 et seq. And by § 2318 of the same Act, as amended, 71 P.S. § 608, it is provided that there shall be a Board of Trustees for each prison charged with 'general direction and control of the property and management * * *' of the prison. The board has control over prison discipline and the conditions under which prisoners live. By executive order of the Governor (according to the statement of a Deputy Attorney General to the court below) the powers of the Board of Trustees are now vested in the Bureau of Correction. The relator in the present proceeding at no time complained to the Bureau or to the Trustees, of mistreatment in the penitentiary."

In view of the foregoing, relief cannot be granted on this record, where there is no showing that petitioner has made any attempt to pursue the administrative remedies outlined by the court in the Thompson case, supra. Furthermore, it appears affirmatively that petitioner has not sent a copy of the instant petition or memorandum of law to the Attorney General of the Commonwealth or to the Bureau of Corrections. See attached letter of January 2, 1964, from Dr. J. T. Barbash, Director of Treatment at Graterford.

## APPENDIX

### COMMONWEALTH OF PENNSYLVANIA
#### DEPARTMENT OF JUSTICE
#### BUREAU OF CORRECTION
#### STATE CORRECTIONAL INSTITUTION AT GRATERFORD, PA.

January 2, 1964

W. Halton Spann, Clerk
U. S. District Court
Eastern District of Pennsylvania
U. S. Courthouse
9th & Market Streets
Philadelphia 7, Pennsylvania

RE: Isaiah Johnson
G–4164

Dear Sir:

This letter is being written in compliance with our policy concerning inmate petitions to the Courts.

As you know, it has become evident to us that the best interests of the Court and Commonwealth are served by requesting inmate petitioners to submit copies of their petitions for the Attorney General and the Pennsylvania Board of Parole. This has become Bureau of Correction policy. Most men are willing to do so and it is relatively unusual when an inmate takes exception to the policy. The above petitioner does not wish to supply copies for the Pennsylvania Board of Parole. It has been explained to him that petitions are sent without delay but that a letter such as this must be sent to the Court.

This situation is being respectfully called to your attention simply as a matter of policy.

Very truly yours,
David N. Myers
Superintendent

BY: James T. Barbash, Ph.D.
Director of Treatment