**UNITED STATES of America ex rel. Robert HENSON**

v.

**David N. MYERS, Superintendent, and Clarence B. Wolfe, Deputy Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**No. M–3044.**

United States District Court
E. D. Pennsylvania.

Aug. 18, 1965.

Robert Henson pro se.

Edward G. Baver, Jr., City Sol., Philadelphia, Pa., for respondent.

WOOD, District Judge.

This is a civil action brought by a state prisoner on July 19, 1965 to enjoin the superintendents of a state correctional institution from interfering with petitioner's right to file a petition for writ of habeas corpus in the federal courts. He had previously filed a petition for such a writ which was dismissed for failure to exhaust available state remedies (Misc. No. M–2992).

Henson alleges that the prison officials have denied him his mail which contains law books, have not permitted him to correspond freely with legal publishing houses to obtain more citations and cases or to keep books in his cell or to use the prison library to ferret out applicable cases. He concludes that the sum total of these restrictions is to deny him the right to file his habeas corpus petition in the federal courts. He prays that the prison officials be enjoined from such actions.

Pursuant to our order of July 20, 1965 to the City Solicitor to answer or otherwise plead, the City of Philadelphia filed motions to dismiss on four grounds, failure to state a claim for which relief could be granted, lack of competence in the federal courts to supervise prison administration, failure to exhaust an appeal and finally lack of the existence of an actual controversy within the meaning of the statute cited. Decision had been originally reserved by us as to petitioner's request for appointment of counsel and the necessity of a hearing.

Petitioner cited Title 18, section 241, U.S.C.A. in his complaint as the basis for relief. This provides only for criminal action against the offenders. His prayer will be treated for the purposes of this opinion as one for a preliminary injunction under Title 42, section 1983 U.S.C.A., which states that equity actions may be brought for violations of federal civil rights which occur under color of state law.

■ Generally, the federal courts will not interfere with the internal administration of state prisons. Prison officials must have wide discretion in the promulgation of rules to govern the inmates, even to the point of denying basic constitutional rights. United States ex rel. Wagner v. Ragen, 213 F.2d 294 (7th Cir. 1954), cert. den. 348 U.S. 846, 75 S. Ct. 68, 99 L.Ed. 667.

 Access to the federal courts however has apparently been defined as a constitutional right which cannot be completely overridden by prison officials. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). This is to preclude a situation where a prisoner could not test the validity of his conviction or his continued incarceration.

In this case there is no evidence that Henson has been deprived of reasonable access to the courts. His original petition for a writ was sent and received by the courts and presumably further documents would likewise be handled properly by the prison officials. Moreover, this complaint in question reached this court without undue delay.

 Regarding his claim that his mail was intercepted, Henson's plea falls short of the mark. It is not doubted that prison officials have wide discretion in the type of mail which a prisoner may receive, send and keep. Adams v. Ellis, 197 F.2d 483 (5th Cir. 1952). The superintendents of the correctional institution moreover have no duty to see that Henson obtains a legal education in prison so that he can pursue his habeas corpus remedy. They can impose such restrictions as do not actually preclude a prisoner from filing his papers in a federal court, in order to prevent a breakdown of prison discipline. Thus, we find that Mr. Henson was not deprived of any constitutional right by one acting under color of state law.

Petitioner apparently has an available state administrative remedy. We do not suggest that this must be exhausted before resort to the federal courts in cases of this type but only that this is one more reason why the federal court should not intervene in the area of prison supervision at all except in the extreme case. (Cf. Commonwealth ex rel. Thompson v. Day, 182 Pa.Super. 644, 128 A.2d 133 (1957)), cert. den. 355 U.S. 843, 78 S.Ct. 65, 2 L.Ed.2d 52.

We are aware of the dicta in several cases which presumably say that unless some legal materials are available to the prisoner when he has no counsel, the actual access to the courts is frustrated. See Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir. 1961), cert. den. 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59. However, this suggests that the federal courts have not diligently scrutinized every petition to ascertain whether the prisoner is lawfully incarcerated, and that the federal courts are not aware of the case law. Further, it assumes that no fair treatment will be given to the prisoner. It impliedly assumes that the prisoner is invalidly imprisoned. Further, allowing a hearing in this case would permit every prisoner in every State court to file a similar petition. Since there would be no previous record, there would be a constant parade of prisoners to the federal courts for a hearing. If the situation does arise where a prisoner is actually being deprived of the right to file a habeas corpus petition in the federal courts, the federal courts will then be ready to act. See State of Oregon ex rel. Sherwood v. Gladden, 240 F.2d 910 (9th Cir. 1957).

On the record as it now stands, it is obvious without hearing that the relief sought cannot be granted. Accordingly, the appointment of counsel is unnecessary.

## ORDER

And now, this 18th day of August, 1965, defendant's motion to dismiss for failure to state a claim upon which relief can be granted under F.R.Civ.P. 12(b)(6) is granted. Petitioner's motion for appointment of counsel is denied.