Thomas McCode, pro se.
No appearance for the respondent.

GRIM, District Judge.

Relator, a state prisoner, alleges in the complaint that the prison authorities have denied to him the constitutional right to freedom of religion in that he is not allowed "to study and practice the World's Great Religions, namely Hinduism, Yogism, Buddhism, Confucianism, and Ontology, etc. * * *" He asks this court to restrain the prison authorities from this alleged interference with his religious practice and to permit him "to purchase books on the above mentioned Religions."

**UNITED STATES of America ex rel. Thomas McCODE**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

Misc. No. 3073.

United States District Court E. D. Pennsylvania.

Oct. 13, 1965.

Although relator incorrectly assumes jurisdiction to rest in this court under 18 U.S.C.A. § 241 and § 242 which are criminal statutes and thus inapplicable to this civil habeas corpus action, it would appear that the court has jurisdiction over this controversy under 28 U.S.C.A. § 1343 [1] and 42 U.S.C.A. § 1983.[2]

1. 28 U.S.C.A. § 1343 reads:
   "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
   *   *   *   *   *
   (3) to redress the deprivation, under color of any State law, statute, ordi-

nance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens * * *"

2. 42 U.S.C.A. § 1983 reads:
   "Every person who, under color of any statute, ordinance, regulation, cus-

See Sewell v. Pegelow, 291 F.2d 196 (4th Cir. 1961).

However, the court will not proceed to consider the merits of this case since relator has failed to demonstrate or even allege that he has exhausted the state administrative channels available to him for consideration and possible remedy of his grievances.[3]

Such exhaustion is required not only as an exercise of federal judicial self-restraint and respect toward state processes, but as an affirmative recognition of the state's primary responsibility in the internal management of its penal institutions and the maintenance of prison discipline. Until such remedies have been exhausted or relator has made a satisfactory showing that he is unable to do so, no federal judicial forum is available to relator, Gaito v. Prasse, 312 F.2d 169 (3d Cir. 1963); Green v. United States, 283 F.2d 687 (3d Cir. 1960); United States ex rel. Johnson v. Commonwealth of Pennsylvania, 247 F.Supp. 365 (E.D.Pa.1964); United States ex rel. Holland v. Prasse, 241 F.Supp. 566 (E.D.Pa.1964); United States ex rel. Wakeley v. Commonwealth of Pennsylvania et al., 247 F.Supp. 7 (E.D.Pa.1965).

## ORDER

And now, this 13th day of October, 1965, the complaint of Thomas McCode is denied without prejudice to his right to reassert his contentions when his administrative remedies have been exhausted.

tom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3. The administrative remedies available to prisoners at the State Correctional Insti-

tution at Graterford are outlined in an "Inmate Handbook" provided to every prisoner upon his arrival at the prison. They include petitions to the Classification and Treatment Clinic of the Prison, communication with the Superintendent, the Deputy Commissioner of Corrections or the Commissioner of Corrections and a final appeal to the Attorney-General of Pennsylvania. See United States ex rel. v. Wakeley v. Commonwealth of Pennsylvania et al., 247 F.Supp. 7 n. 2 (E.D. Pa.1965).