### UNITED STATES of America ex rel. Charles OAKES

v.

### Kenneth TAYLOR et al.

### Civ. A. No. 43055.

United States District Court
E. D. Pennsylvania.

Sept. 29, 1967.

See also D.C., 269 F.Supp. 1022.

Melvin Dildine, Asst. Voluntary Defender, Philadelphia, Pa., for plaintiff.

Welsh S. White, Asst. Dist. Atty., Philadelphia, Pa., for defendants.

## OPINION

JOHN W. LORD, Jr., District Judge.

Plaintiff is an inmate at Eastern State Penitentiary in Philadelphia. He is a native of Salt Lake City, Utah and is a member of the Mormon faith. His request to receive the Deseret News, a Salt Lake City newspaper, published by the Mormon Church has been rejected by the prison authorities under a prisoner mail regulation which states in part: "You may not subscribe to or receive any out of state newspapers."

Plaintiff seeks a permanent injunction against defendants enjoining them from enforcing the above-mentioned regulation as it applies to bar plaintiff and others similarly situated from receiving out of state newspapers.

At first blush, this case might seem to raise a question of abridgment of religious freedom by the prison authorities. However, it developed at a hearing on September 26, 1967 that (1) the Deseret News publishes a "Church News" supplement which is obtainable separate and apart from the general newspaper, and (2) that this religious supplement could be received by plaintiff under the prison policy which permits the inmates to receive religious publications even though they may come from an out of state source. Thus the "freedom of religion" question is moot here.

The only issue therefore presented is whether the prison regulation barring

inmates from receiving out of state newspapers is unconstitutional.

■■ It is well established that prison authorities have a wide range of discretion in the promulgation and enforcement of rules to govern the prison community in order to maintain order, discipline and security therein. United States ex rel. Wagner v. Ragen, 213 F.2d 294 (7th Cir. 1954), cert. denied 348 U.S. 846, 75 S.Ct. 68, 99 L.Ed. 667 (1954). Generally, the federal courts will not interfere with the internal administration of state prisons except in those extreme instances of institutional treatment of "such character or consequences as to shock general conscience or to be intolerable in fundamental fairness." Lee v. Tahash, 352 F.2d 970, 972 (8th Cir. 1965).

■ Unless the regulation in question here is so unreasonable as to fit into this extreme exception it must stand. Defendant argues that the reason for the rule is one of censorship and handling. It is maintained that the limited prison staff cannot possibly censor and handle the influx of newspapers from all over the country. Accordingly, inmates are limited to receiving the relatively small number of available Pennsylvania newspapers. It is not the function of this Court to determine the wisdom of this regulation nor the above policy behind it. It is sufficient to hold that the restriction of incoming correspondence for reasons of censorship and handling is a reasonable restriction relating to prison order and functional operation. Indeed, this Court has recently stated that prison officials have wide discretion as to what type of mail prisoners may receive. United States ex rel. Henson v. Myers, 244 F.Supp. 826 (E.D.Pa.1965).

It is held therefore that the regulation is a reasonable one and can be enforced, and the Court so finds as a fact. The foregoing will serve as this Court's Findings of Fact and Conclusions of Law under Fed.R.Civ.Proc. 52.

Permanent injunction denied.

And it is so ordered.