## Commonwealth *v.* Shindler, Appellant.

Submitted June 15, 1971. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Thomas S. McCready,* Public Defender, for appellant.

*Murray Mackson,* First Assistant District Attorney,
and *John Deutsch,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 21, 1971:

Appellant Carl Shindler appeals from an order of
the Court of Common Pleas of Carbon County denying
his motion in arrest of judgment.  While serving a
term for "wantonly pointing and discharging a firearm," appellant was subsequently convicted of prison
breach for an escape which occurred while being trans-

ferred from one jail to another.[1]  A sentence of 2 to 5 years was imposed on the prison breach charge.

In this appeal, appellant advances two arguments: (1) that he cannot be convicted of prison breach because he was not physically within a prison when he escaped; and (2) that his sentence for prison breach cannot be longer than the sentence he was serving when he escaped.  Both contentions are without merit.

As to appellant's first argument, The Penal Code, Act of July 16, 1968, P. L.  , No. 174, §1, amending Act of June 24, 1939, P. L. 872, §309, as amended, 18 P.S. 4309, provides that "imprisonment . . . means *any restraint* by lawful authority pursuant to a commitment issued by . . . a court order or after conviction of any crime." (Emphasis added.) Appellant was in the custody of a sheriff and a deputy when he escaped.

As to his second argument, appellant cites two cases which at first glance appear to support his position. See *Commonwealth ex rel. Lewis v. Ashe*, 335 Pa. 575, 7 A. 2d 296 (1939) ; *Commonwealth ex rel. O'Leary v. Ashe*, 152 Pa. Superior Ct. 322, 32 A. 2d 36 (1943). The statute in effect at the time those cases were decided specifically provided that the sentence for prison breach could only be "for a period of time not exceeding the original sentence, by virtue of which he was imprisoned." However, the statute was amended in 1953 to make prison breach a felony punishable by "a term not exceeding ten (10) years"; and appellant's position, therefore, is no longer tenable.  Act of July 29, 1953, P. L. 1445, §1, amending the Act of June 24, 1939, P. L. 872, §309, as amended, 18 P.S. 4309.

The judgment of sentence is affirmed.

_____

[1] Appellant eluded capture for four days.