## Commonwealth v. Shindler

*John Deutch,* District Attorney, for Commonwealth.

HEIMBACH, P. J., April 11, 1972.—We have before us defendant's application for the appointment of counsel, other than the public defender, to represent him in his contemplated appeals in the Federal courts from the order of the Superior Court affirming the order of the lower court and the disallowance of an appeal by the Supreme Court of Pennsylvania from such order.* He gives as the sole reason for our acting favorably on his application that he is constitutionally entitled to counsel to "submit an application for a writ of certiorari to the United States Supreme Court as well as other motions and petitions."

It appears that only on direct appeal is an indigent defendant entitled to the appointment of counsel. When appellate reviews in a direct line have been exhausted the indigent defendant is no longer entitled to court-appointed counsel as a matter of right, but the court, in its discretion, may make such an appointment: Commonwealth ex rel. Firmstone v. Myers, 202 Pa. Superior Ct. 292, 196 A.2d 209. Likewise to the same effect see P.L.E. Criminal Law, §528, and Summary of Pennsylvania Jurisprudence, 1972 Supplement, Criminal Law, §481.

Should defendant wish to amend his application and supply a reason or reasons for seeking further relief in the Federal courts, if meritorious, we will reconsider our order in disposing of this matter. By

---

* Commonwealth v. Carl E. Shindler, 219 Pa. Superior Ct. 376; Supreme Court, Allocatur Docket no. 347.

way of advice, defendant might find it more expedient to present his application for appointment of counsel to the Federal District Court.

We enter the following

ORDER

Now, to wit, this April 11, 1972, defendant's application for appointment of counsel to "submit an application for a writ of certiorari to the United States Supreme Court as well as other motions and petitions" is dismissed.

