Commonwealth ex rel. Fritz, Appellant, *v.* Farview State Hospital Superintendent.

Argued October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*P. B. Roads,* with him *Harold L. Paul,* for appellant.

*David W. Bechtel,* Assistant District Attorney, with him *Malcolm D. Reeves,* Assistant District Attorney and *Robert M. Harris,* District Attorney, for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

The relator petitioned for a writ of habeas corpus, seeking his release from a mental institution. After a hearing, the court below denied the petition and relator has appealed.

After his arrest in 1951 on a charge of enticing a minor for immoral purposes, the relator was examined on court order by two doctors, declared insane, and committed to the Farview State Hospital. The grand jury thereafter returned a true bill and the indictment thereon is still pending. After a year of confinement the petition for a writ of habeas corpus was filed. At the hearing, the senior staff physician of the Farview State Hospital testified that relator suffered from dementia praecox, paranoid type, or insane delusions of persecution. This witness based his diagnosis on personal observation and interviews over the period of a year, and the concurring opinions of his staff. He stated that relator continues to require institutional care and that continued incarceration would be beneficial to both the people and the patient. Recourse was had by the doctor to relator's long criminal record, which included convictions for sexual offenses. The witness based his opinions partly on such record, but also on the independent finding of insanity. The relator's medical witness testified that he made an examination the morning of the hearing and found relator normal. He, however, admitted that a sufferer of dementia praecox, paranoid type, often has periods of normalcy. Further, when confronted by the criminal record, he stated his opinion that relator should be retained in the institution until declared safe for society.

Section 802 of The Mental Health Act of 1951, 50 PS 1482, places the burden of proof of mental illness on those responsible for the petitioner's detention. That

burden was overwhelmingly met in this case. The relator has been declared mentally ill by the staff of an institution where he has been observed almost daily for a year. His own witness believed he should remain until declared safe for society. Discharge of a mental patient may be ordered only where it is for the best interest of the patient and not incompatible with the public welfare and safety, and only when he is restored to mental health. Sections 604 and 801 of The Mental Health Act of 1951, 50 P.S 1304 and 1481. The testimony is conclusive that the best interests of everyone would be served by continued treatment.

Order affirmed.