Commonwealth *v.* Cook, Appellant.

Argued October 7, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*James B. Ceris,* with him *Edwin M. Wallover,* for appellant.

*Richard P. Steward,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 11, 1957:

In 1939 Paul James Cook committed a brutal triple murder, and was committed to the Farview State Hospital for the criminally insane. There he remained for some eighteen years. In September 1942 armed with wrenches, Cook and another patient attacked and assaulted the guards in an attempt to escape. On October 4, 1955 Cook and five other patients armed with shop weapons overcame the guards and escaped through a weakened wall beneath Cook's cell. Subsequently Cook was apprehended in East St. Louis, Illinois and was returned to Farview State Hospital on April 21, 1956 after an extradition proceeding which Cook contested. On August 6, 1956 John Shovlin, Superintendent of the Farview State Hospital, petitioned the court to issue an order discharging Cook from the Farview State Hospital into the custody of the Sheriff of Beaver County on the ground that Cook had sufficiently recovered from his mental illness as to no longer need

the custodial care and remedial care of the hospital. Cook was transferred to the Beaver County Jail.

The District Attorney of Beaver County presented a petition for the appointment of a commission under dence Act" of May 4, 1939, P. L. 42, 28 PS §91b, pro-alleging that the petitioner believed Paul James Cook to be mentally ill and that care in a mental hospital is necessary for his benefit, and that there is a grave question as to whether or not the defendant should now be put to trial upon the charges of murder pending against him. James B. Ceris, Esq. and E. M. Wallover, Esq. were appointed as his lawyers for Cook. Each of them is a capable competent lawyer of many years experience in all the courts of Beaver County.

The Commission, appointed by the court, was composed of Dr. William Shapera, Dr. W. Glenn Srodes and E. Y. Calvin, Esq. as the attorney member of the Commission. Dr. Shapera and Dr. Srodes are physicians who have specialized in psychiatry in the City of Pittsburgh for many years, and their professional standing well known as leaders in the practice of psychiatry. Mr. Calvin is an able, careful and competent lawyer. Appellant acknowledged that the psychologists appointed were well qualified and of the highest standing.

The Commission met and held a hearing. Cook was present but did not testify. His lawyers were present as was also the District Attorney, the petitioner. The Commission took the testimony of police officers and staff at the county jail and some inmates of the jail. The testimony is that when they observed Cook his conduct conformed with that of a normal, mentally healthy individual. Two members of the state police force expressed the opinion that Cook did not have the mental capacity to warrant his being released. The Commission found that Cook is suffering from mental illness which so lessened his capacity to use the cus-

tomary self-control and discretion in the conduct of his affairs and social relations as to make it necessary and advisable for him to be under the care and restraint of a mental hospital, as defined in The Mental Health Act of 1951. The Commission personally interviewed Cook and found that he was capable of aggressive, unsocial and impulsive acts in the future if restraints were removed; that he is lacking in emotional reaction; and that he is impulsive and unpredictable.

The Commission further found that Cook is now of criminal tendency as defined by The Mental Health Act. To support their findings the Committee considered that he had killed his father, mother and sister with an axe and a shotgun, the original crime for which he was committed to Farview; the report and findings of the commission in 1939 upon that commitment; the statement of the condition and conduct of Cook while detained in Farview State Hospital; the attack on guards at the hospital occurring in 1955;[1] the report of Sheldon W. Weiss, Senior Psychologist at Farview State Hospital, which concluded that the good behavior of Cook at the interview was only a "front" in order to secure his release from Farview; evidence of insanity in Cook's family; their observation from personal examination; and the testimony offered before the commission.

The court below in its opinion noted: "One of the two major reasons for The Mental Health Act was to protect society from those who are mentally ill and have criminal tendencies, Commonwealth v. Bechtel, 384 Pa. 184, 189. Discharge of a mental patient may be ordered only where it is for the best interest of the patient and not incompatible with the public welfare

---

[1] The commission also had before it another attempted escape of Cook from Farview in 1942, as well as in October 1955.

and safety and only when he is restored to mental health. Commonwealth ex rel. Fritz v. Farview State Hospital Superintendent, 174 Pa. Superior Ct. 609, 611."

Moreover, in discussing the Commission's findings stated: "We conclude that the said Paul James Cook is mentally ill and of criminal tendency as defined in The Mental Health Act of 1951. These findings lead to the conclusion that society must be protected from the potentially dangerous situation which would result from the ultimate release of the said Paul James Cook . . . Pertinent to our discussion is the observation that two psychiatrists in 1939, and two other psychiatrists in 1957 agree as to the condition of Cook then and now. All four recommend commitment to a hospital. If he were tried under the three murder indictments and if the Commonwealth for any reason failed of conviction, Cook might be completely free and be a social menace . . ."

In substance, Cook's contention is that when one is committed to a mental institution because he is incapable of cooperating with his attorney in planning and presenting his defense he should be released and brought to trial when sufficiently recovered to assist his attorney in these matters. This has no application to the case at bar in which Cook was committed because of a type of mental incapacity which makes him liable to commit violent criminal misconduct if he is free from custody and restraint and is sufficiently irritated or provoked. The fact a person could assist his attorney in preparation for trial does not alone determine his sanity.

Certainly the fact that Farview State Hospital recommended the patient's discharge is not res adjudicata of that issue. Especially it will be noted that Dr. Shovlin based his report, not on personal examination,

but from the examination and reports of Drs. Willis and Low, and Dr. Weiss, the senior psychologist at Farview. The latter's opinion stated that Cook's conduct at the time of interview was only a "front" and further declared that "whether this person could operate in society without exacerbation is speculative."

Order affirmed.