Commonwealth ex rel. Smith, Appellant, *v.*
Banmiller.

·Submitted December 15, 1960.   Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and
MONTGOMERY, JJ.

*Robert Smith,* appellant, in propria persona.

*William H. Wolf, Jr.* and *Arlen Spector,* Assistant
District Attorneys, *Paul M. Chalfin,* First Assistant
District Attorney, and *Victor H. Blanc,* District Attor-
ney, for appellee.

OPINION BY WRIGHT, J., March 22, 1961:

On August 17, 1960, in Court of Common Pleas No. 5 of Philadelphia County, Robert Smith filed a petition for a writ of habeas corpus, upon the presentation of which petition a rule to show cause was granted. Answers were filed by the Superintendent of the State Correctional Institution at Philadelphia, Pennsylvania, and by the District Attorney of Philadelphia County. On September 16, 1960, the rule was discharged and the petition dismissed. Smith has appealed.

The record discloses that appellant was indicted by the Grand Jury of Philadelphia County on two bills of indictment at Nos. 21 and 22 July Sessions 1956, each charging burglary, larceny and receiving stolen goods. On August 1, 1956, appellant entered pleas of guilty and was, on the same date, sentenced by Judge WEINROTT to serve consecutive prison terms of not less than four nor more than eight years. His petition in the court below is captioned as follows: "Petition for Writ of Habeas Corpus for Proper Medical Treatment".

Appellant's contention on this appeal is that he has been denied proper medical attention. He avers that he has lost weight, that he suffers from vertigo, and that "he is nearing a state of neuropsychosis".[1] He asserts that he is entitled to redress under the Eighth Amendment of the Constitution of the United States, which proscribes cruel and unusual punishment.

It has been held that the Eighth Amendment to the Constitution of the United States does not apply to the states: *O'Neal v. State of Vermont*, 144 U. S. 323,

---

[1] According to the Commonwealth's able brief, objective vertigo is the sensation that the outer world is revolving about the patient, subjective vertigo is the sensation that the patient himself is moving in space, and neuropsychosis is an obsolete term for psychosis, which is a specialized mental disorder, particularly one without demonstrable organic disease.

12 S. Ct. 693, 36 L. Ed. 450; *James v. The Commonwealth,* 12 S. & R. 220. However, we prefer to rest our decision upon the proposition that "it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined": *Adams v. Ellis,* 197 F. 2d 483. As pointed out by Judge NEELY in *Commonwealth ex rel. Via v. Day,* 67 Dauphin Co. R. 85, medical treatment of prisoners is a matter of penal administration, concerning which problem the courts will not take jurisdiction. See also *Commonwealth ex rel. Thompson v. Day,* 182 Pa. Superior Ct. 644, 128 A. 2d 133; *Feyerchak v. Hiatt,* 7 F. R. D. 726.

The instant appeal is squarely ruled by the case of *Commonwealth ex rel. Rogers v. Claudy,* 170 Pa. Superior Ct. 639, 90 A. 2d 382, wherein a prisoner's petition for a writ of habeas corpus requested that he be transferred to an institution in which he could receive psychiatric treatment. In affirming an order of the court of common pleas dismissing the petition, we made the following pertinent statement: "Relator's petition avers no unlawful detention, and he does not claim that he is entitled to be discharged or released. The present habeas corpus proceeding does not afford relator with a remedy for the matters of which he complains".

Order affirmed.