## Commonwealth ex rel. Wolenski v. Shovlin

*Henry V. Wolenski,* p.p.

*John R. Graham,* Assistant District Attorney, for respondent.

SWENEY, P. J., August 27, 1962.—Henry V. Wolenski, relator, on June 11, 1962, filed a petition for writ of habeas corpus, which, the writer hereof, after reviewing the record and consulting Farview State Hospital, refused to grant. Relator has appealed to the Superior Court and hence this opinion.

The record discloses that, on December 10, 1953, before Alderman R. Robinson Lowry of the City of Chester, this County and State, Earl H. Allen, the then Chief County Detective of Delaware County, swore to an information charging Henry V. Wolenski with an assault and battery upon one Edward Gack, and the inflicting of mortal wounds from which he died on December 9, 1953; at 7:44 p.m. that the said Henry V. Wolenski gave himself up to the Pennsylvania State Police on December 10, 1953; and that on December 17, 1953, a petition for a commission to examine the mental condition of the relator having been presented and allowed, relator was committed to Farview State Hospital, Waymart, Pennsylvania, where he is presently held.

In the opinion of the Farview State Hospital, relator is still mentally unsound and cannot stand trial for his crime; a reading of the petition for writ of habeas corpus discloses, to say the least, a disturbed mind which speaks of persecutions by guards and police from early childhood to the present time, when it is apparent he could not have known those guards and police for such a length of time.

The Mental Health Act of June 12, 1951, P. L. 533, as amended, sec. 604, 50 PS §1304, provides, inter alia, that: "Any court may order and compel the discharge of any patient committed by the court to any institution if, upon hearing, it appears that such discharge is for the best interest of the patient and not incompatible with the public welfare and safety."

By the same token, the court may refuse to order release from a mental institution, especially where the staff of the institution are of the opinion that the patient is mentally unsound. In this case, a release of this prisoner from Farview would result in his being returned to Delaware County for trial for murder.

The question for decision is whether this court had the right to refuse relator's petition for a writ of habeas corpus. We are of the opinion that the report from the hospital and the petition itself justify us in refusing a hearing.