Commonwealth ex rel. Codispoti, Appellant, *v.* Rundle.

Submitted March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Dominick Codispoti,* appellant, in propria persona.

*Arthur J. Marion* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY WRIGHT, J., April 18, 1963:

On August 14, 1956, in the Court of Quarter Sessions of Philadelphia County, Dominick Codispoti entered pleas of guilty on bills of indictment Nos. 953 to 956 July Sessions 1956, charging conspiracy, aggravated robbery, burglary, and carrying a concealed deadly weapon. He was sentenced by Judge JOHN MORGAN DAVIS to serve a term of two and one-half to ten years on the aggravated robbery bill. Sentence was suspended on the other bills. On November 28, 1962, Codispoti presented a petition for a writ of habeas corpus to Court of Common Pleas No. 4 of Philadelphia County. From the order of that tribunal, December 21, 1962, dismissing his petition, Codispoti has taken this appeal.

Appellant does not in any way attack the regularity of his conviction and sentence. He appeals to us "for execution of his rights according to Article (1) of the Constitution of the United States". His basic contention seems to be that, during the course of his incarceration, he was unlawfully released for a period of several months to officers of the New York City Police Department. It appears from the record that appel-

lant was indicted in 1961 for a murder which had occurred in New York in 1956. On February 13, 1962, he was released into the custody of the New York authorities, and was confined in prison in that state until November 8, 1962, when the indictment against him was dismissed and he was returned to Pennsylvania. His release and return were accomplished under the provisions of the Interstate Agreement on Detainers. Appellant contends that his rights under this agreement were violated in several respects.

It is not the function of the courts to superintend the treatment of prisoners in penitentiaries but only to deliver from imprisonment those who are illegally confined: *Commonwealth ex rel. Smith v. Banmiller,* 194 Pa. Superior Ct. 566, 168 A. 2d 793. Where a petitioner is legally detained in prison, he is not entitled to the writ of habeas corpus: *Commonwealth ex rel. Hendrickson v. Hendrick,* 193 Pa. Superior Ct. 559, 165 A. 2d 261. To secure issuance of the writ, the prisoner must show that he has a right to be discharged: *Commonwealth ex rel. Patrick v. Banmiller,* 194 Pa. Superior Ct. 511, 168 A. 2d 798. The writ of habeas corpus does not issue unless the petition contains allegations which, if true, establish that the prisoner is being illegally detained: *Commonwealth ex rel. Milewski v. Ashe,* 362 Pa. 48, 66 A. 2d 281. "The function of habeas corpus is not to correct a practice, but only to ascertain whether the procedure complained of has resulted in an unlawful detention": *Eagles v. United States,* 329 U. S. 304, 67 S. Ct. 313. The writ may not be used to invoke judicial determination of questions which do not affect the lawfulness of petitioner's custody and detention: *McNally v. Hill,* 293 U. S. 131, 55 S. Ct. 24.

In the instant case it clearly appears that the questions raised by appellant do not affect the legality of his present detention. Cf. *Commonwealth ex rel. Wright v. Banmiller,* 195 Pa. Superior Ct. 124, 168 A.

490

2d 925. In the words of Judge GUERIN speaking for the court below: "The alleged irregularities of which relator complains may not be raised by way of a petition for a writ of habeas corpus. He is presently confined under a valid sentence duly and regularly imposed. The actions of the prison officials respecting relator's transfer to New York and subsequent return are clearly matters of penal administration and outside the scope of review by habeas corpus".

Order affirmed.