Commonwealth ex rel. Johnson, Appellant, *v.* Shovlin.

332

Submitted April 17, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Ernest Calvin Johnson,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., June 13, 1963:

This is an appeal by Ernest Calvin Johnson, the relator, from an order of the Court of Common Pleas of Allegheny County refusing relator's petition for a writ of habeas corpus to secure his release from Farview State Hospital.

The relator was convicted of the crime of armed robbery at No. 28, February Sessions, 1943, Court of Oyer and Terminer of Allegheny County, and sentenced by Judge DITHRICH on February 24, 1943, to a term of not less than five years nor more than ten years in the Western State Penitentiary. Being of the opinion that relator should be cared for in a hospital for mental diseases, Dr. A. J. Staab, the resident physician of Western State Penitentiary, filed a petition in the Court of Quarter Sessions of Allegheny County requesting such commitment. The court appointed two qualified physicians who examined relator and reported that he was suffering from "psychosis with psychopathic personality-paranoid state." On March 16, 1949, Judge SOFFEL entered an order committing relator to Farview State Hospital. Relator, who has been an inmate of Farview for the past thirteen years, filed the present petition for writ of habeas corpus in the Court of Common Pleas of Allegheny County on April 11, 1962. On the same day, President Judge McNAUGHER of the Court of Common Pleas of Allegheny County granted a rule upon Dr. John P. Shovlin, Superintendent of Farview State Hospital, to show cause why the writ of habeas corpus should not issue, with notice to the District Attorney of Allegheny County. On June 29, 1962, Edward C. Boyle, District Attorney of Allegheny County, filed a detailed answer to relator's petition. Included in the answer was the sworn affidavit of Dr. Shovlin, Superintendent of Farview State Hospital, stating that in his opinion relator "is suffering from a mental illness diagnosed, Schizophrenic Reaction;

Paranoid Type," which "so lessens his capacity to use normal customary self-control in the conduct of his affairs and social relations as to make it advisable for him to be under hospital care," and that relator "is possessed of criminal tendencies and has evidenced a capacity for violent assaultiveness on others and requires additional hospitalization at the Farview State Hospital." Under date of July 19, 1962, the Court of Common Pleas of Allegheny County discharged the rule and dismissed the petition without hearing.

Relator's original commitment to Farview was under The Mental Health Act of July 11, 1923, P. L. 998, which, like the Act of June 12, 1951, P. L. 533, 50 PS §1071, provided for the transfer of prisoners to a hospital for mental diseases under proper order of court. Relator's commitment to Farview was in strict compliance with the Act of 1923 then in effect, and his present petition sets forth no grounds which would invalidate his original commitment. The Act of 1923 was repealed and surperseded by the Act of 1951.

Relator's allegation that he is being held under an ex post facto law is without foundation. As stated, his commitment was under the Act of 1923 and not under the Act of 1951 which is now applicable. Likewise, his commitment in 1949 was under the order of the court entered by authority of the Act of 1923, and his confinement is not under a "bill of attainder" as relator now alleges. The petition for a commission to determine petitioner's mental health and the proceedings thereunder is not a criminal prosecution but a collateral proceeding to determine the mental health of the person involved for his benefit or for the benefit of the public or both. *Com. v. Bechtel,* 384 Pa. 184, 190, 120 A. 2d 295. The findings of a sanity commission are advisory only and are not binding upon the court. *Com. v. Baldassarre,* 399 Pa. 411, 414, 160 A 2d 461.

Relator's petition contains allegations that he was physically beaten and subjected to cruel and unusual punishment. Habeas corpus is not available on this ground where relator has not exhausted his administrative remedies. *Com. ex rel. Thompson v. Day,* 182 Pa. Superior Ct. 644, 649, 128 A. 2d 133. The allegation that relator was denied copies of the Mental Health Act of 1951 falls in the same category. Cf. *Com. ex rel. Smith v. Banmiller,* 194 Pa. Superior Ct. 566, 568, 168 A. 2d 793.

The allegation that relator is entitled to his release on the ground he can distinguish right from wrong is not decisive or controlling. Under The Mental Health Act of 1951, confinement is proper in cases where the inmate is suffering from mental illness. Section 102 (11) of The Mental Health Act of 1951, 50 PS §1072, defining "mental illness," includes abnormalities which do not come within the strict connotation of the term legal insanity. *Com. v. Moon,* 383 Pa. 18, 27, 117 A. 2d 96.

The affidavit of Dr. Shovlin was properly before the court under section 811 of The Mental Health Act of 1951, as amended by the Act of November 9, 1959, P. L. 1394, 50 PS §1501. Dr. Shovlin's affidavit reveals thorough examination of relator by Dr. Shovlin and the hospital staff, and establishes that relator continues to suffer from mental illness. Discharge of a mental patient may be ordered only where it is for the best interest of the patient and not incompatible with the public welfare and safety and only when he is restored to mental health. *Com. v. Cook,* 390 Pa. 516, 519, 135 A. 2d 751; *Com. ex rel. Fritz v. Farview State Hospital Superintendent,* 174 Pa. Superior Ct. 609, 611, 101 A. 2d 922; section 604 of The Mental Health Act of 1951, 50 PS §1304.

Relator does not allege that his discharge would be in the best interest of relator and compatible with

the public welfare and safety. In any event the record justifies the court's refusal to issue the writ and discharge relator, since it establishes that relator was suffering from mental illness, as defined in The Mental Health Act of 1951, at the time of the court's order. *Com. v. Martin*, 197 Pa. Superior Ct. 602, 180 A. 2d 101. As the petition set forth no basis for relator's discharge and the record showed relator was suffering from mental illness, no hearing was necessary and the court below committed no error in refusing the writ. *Com. ex rel. Wolenski v. Shovlin*, 199 Pa. Superior Ct. 470, 186 A. 2d 261.[1]

The order of the court below is affirmed.

---

Dissenting Opinion by Montgomery, J.:

I cannot approve the dismissal *without hearing* of the petition for a writ of habeas corpus. The Mental Health Act of June 12, 1951 P. L. 533, 50 P. S. 1071 carefully protects the rights of patients in mental institutions as well as the rights of society. In protecting the rights of patients, Section 801 of the Act, 50 P. S. 1481 provides that; "Every patient in any institution shall have the right—(6) to be released as soon as he is restored to mental health and competent to manage his own affairs." Section 802(a), 50 P. S. 1482, gives him the right to petition for a writ of habeas corpus to determine whether he is being unjustly de-

---

[1] In *Wolenski*, we affirmed, per curiam, the court below which said: "The question for decision is whether this court had the right to refuse relator's petition for a writ of habeas corpus. We are of the opinion that the report from the hospital and the petition itself justify us in refusing a hearing." *Com. ex rel. Wolenski v. Shovlin*, 28 Pa. D. & C. 2d 485, 487.

prived of his liberty; and specifically provides for a hearing on such a petition.[1]

The legislature, recognizing the inconvenience such hearings would impose on the superintendents and physicians of our mental hospitals, provided in Section 811, 50 P. S. 1501 for the substitution of depositions of such persons for their personal appearance *in court* on such occasions except when otherwise directed by the court to be personally present. This provision emphasizes the patient's right to a hearing.

Since the law is so explicit, I can find no justification for denying the present relator his hearing.

Therefore, I respectfully dissent.

WATKINS, J., joins in this dissenting opinion.

---

[1] "On the petition, the court shall issue a writ of habeas corpus requiring the patient to be brought before the court for a hearing where the question of his mental illness, mental deficiency, epilepsy or inebriety may be determined. The burden of proof shall rest upon the persons responsible for his continued hospitalization."