J-S31042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
           Appellee              :
                                         :
                 v.                   :
                                         :
DYLAN L. MATTERN,                  :
                                         :
           Appellant            :       No. 2123 MDA 2015

Appeal from the Order November 2, 2015
in the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-000003-2007

BEFORE:     SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED JUNE 08, 2016**

Dylan L. Mattern (Appellant) appeals from the November 2, 2015 order that dismissed his petition for writ of *habeas corpus*.  We affirm.

On January 30, 2007, Appellant pled guilty to aggravated indecent assault for sexually abusing a fifteen-year-old girl.  On June 23, 2007, Appellant was sentenced to four to ten years of incarceration and, after a hearing, designated as a sexually violent predator (SVP) pursuant to 42 Pa.C.S. §§ 9795-9799.9 (Megan's Law II).[1]  He did not file a direct appeal. On November 26, 2007, Appellant *pro se* filed a Post Conviction Relief Act[2] petition challenging his classification as an SVP.  Counsel was appointed.  On

---

[1] Megan's Law II expired on December 20, 2012.  The Sexual Offender Registration and Notification Act (SORNA) became effective in its place. ***See*** 42 Pa.C.S. §§ 9799.10–9799.41.

[2] 42 Pa.C.S. §§ 9541-9546.

*Retired Senior Judge assigned to the Superior Court.

J-S31042-16

August 11, 2008, the PCRA court denied relief to Appellant, concluding that the relief he was requesting was non-cognizable under the PCRA. Appellant did not file a notice of appeal from that order.

In the next several years, Appellant *pro se* filed a series of motions for sentence reduction and credit for time served. Relevant to the instant matter, Appellant raised the issue of his SVP classification once again by filing a petition for a writ of *habeas corpus* with the lower court on October 1, 2015. On November 2, 2015, the lower court denied this petition. Appellant filed a notice of appeal.[3] Both Appellant and the lower court complied with Pa.R.A.P. 1925.

We bear in mind the following principles in considering this appeal from the denial of a petition for writ of *habeas corpus*.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could

---

[3] The order denying Appellant's petition was entered on the docket on November 2, 2015. He had 30 days, or until December 2, 2015, to file a timely notice of appeal. **See** Pa.R.A.P. 903(a). Appellant's notice of appeal was not docketed until December 7, 2015. However, pursuant to the prisoner mailbox rule, a *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox. **Commonwealth v. Wilson**, 911 A.2d 942 (Pa. Super. 2006). Instantly, Appellant contends he placed the notice of appeal in the institutional mailbox on Tuesday, November 24, 2015, the date on which he signed the notice of appeal. Because it is plausible that the notice of appeal was in the hands of prison authorities no later than December 2, 2015, and we decline to quash this appeal. **See Commonwealth v. Cooper**, 710 A.2d 76, 79 (Pa. Super. 1998) ("Where … the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely[.]").

not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (internal citations omitted).

In his petition for writ of *habeas corpus*, Appellant first challenges the process that was used to classify him as an SVP. Appellant also contends that the paraphilia diagnosis he received was improper based upon the circumstances of his actions. Finally, he contends that trial counsel was ineffective for failing to call an expert at the SVP hearing. On these bases, he requests the court remove his SVP classification.

It is well-settled that challenges to classification as an SVP and the process by which an appellant is classified as an SVP, including the ineffective assistance of counsel, are not cognizable under the PCRA. ***Commonwealth v. Masker***, 34 A.3d 841, 843-44 (Pa. Super. 2011) (*en banc*) (holding neither "a challenge to the classification of the defendant as a SVP" nor "a challenge to the process by which [that classification] was reached" is cognizable under the PCRA). Accordingly, the PCRA is not an available method for Appellant to challenge anything related to his SVP status. Thus, we now consider whether a petition for writ of *habeas corpus* is an available method for Appellant to bring these challenges.

Our review of a petition writ of *habeas corpus* is guided by the following.

> Where a petitioner is legally detained in prison, he is not entitled to the writ of *habeas corpus*[.] To secure issuance of the writ, the prisoner must show that he has a right to be discharged[.] The writ of *habeas corpus* does not issue unless the petition contains allegations which, if true, establish that the prisoner is being illegally detained[.] The function of *habeas corpus* is not to correct a practice but only to ascertain whether the procedure complained of has resulted in an unlawful detention[.] The writ may not be used to invoke judicial determination of questions which do not affect the lawfulness of petitioner's custody and detention.

**Commonwealth ex rel. Codispoti v. Rundle**, 190 A.2d 153, 154 (Pa. Super. 1963) (internal quotation marks and citations omitted).

Instantly, Appellant is challenging his classification as an SVP. However, we have held repeatedly that SVP status does not constitute punishment.

> [T]he [Supreme] Court has specifically found that the requirements are not sufficiently onerous to qualify as punishment based upon alleged excessiveness. The Court held that the Legislature did not intend Megan's Law II as punishment, and examination the seven factors outlined by the U.S. Supreme Court in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), led the Court to conclude that the statute is non-punitive. We therefore reiterate the holding … that the registration, notification, and counseling requirements of Megan's Law II do not constitute punishment.

**Commonwealth v. Askew**, 907 A.2d 624, 628 (Pa. Super. 2006) (internal quotation marks and some citations omitted).

Because the provisions related to SVP classification do not amount to punishment, they certainly do not result in illegal detention. Accordingly, a petition for writ of *habeas corpus* is not an available means to challenge one's SVP classification. Therefore, Appellant is not entitled to *habeas corpus* relief, and the lower court did not err in dismissing Appellant's petition for writ of *habeas corpus*.

Based on the foregoing, we affirm the order of the court denying Appellant's petition for writ of *habeas corpus*.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016

---

[4] We recognize that we are affirming the order of the lower court on a slightly different basis. However, "if the court's decision is correct, we can affirm on any ground." **Commonwealth v. Miller**, 787 A.2d 1036, 1038 (Pa. Super. 2001).

- 5 -