IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Jordan, : 
               Appellant : 
  : 
  :   No.  496 C.D. 2016
         v. : 
  :   Submitted:  June 24, 2016
  : 
Trevor A. Wingard and : 
Kathleen G. Kane : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED:  November 21, 2016

          Kevin D. Jordan (Appellant) appeals, *pro se*, from the October 6, 2015 order of the Court of Common Pleas of Montgomery County (trial court), which sustained the amended preliminary objections of Trevor A. Wingard and Kathleen G. Kane (together, Appellees)[1] and dismissed Appellant's application for writ of habeas corpus ad subjiciendum.

**Facts and Procedural History**

          On March 26, 2009, a jury found Appellant guilty of criminal conspiracy, criminal attempt, criminal solicitation, possessing instruments of crime,

---

[1] When this litigation commenced, Appellee Wingard was the superintendent at the State Correctional Institution at Somerset (SCI-Somerset) and Appellee Kane was the Attorney General of Pennsylvania.

and criminal use of a communication facility.[2] On June 16, 2009, Appellant was sentenced to an aggregate term of twelve to twenty-four years' incarceration and is currently confined at SCI-Somerset.[3]

On October 21, 2011, Appellant filed a *pro se* petition for relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA)[4] with the trial court, which was dismissed on July 11, 2012.[5]

On January 20, 2015, Appellant filed the instant habeas corpus application with the trial court, alleging that his conviction was procured by fraud and unlawful spoliation of evidence. Specifically, Appellant alleged that: false testimony was provided to a grand jury to obtain an indictment for crimes he never committed; the Commonwealth intentionally destroyed exculpatory evidence; the Commonwealth lost evidence depicting the overt acts that allegedly were the basis for his conspiracy charges; he was precluded from offering testimony regarding the legitimate purpose of the alleged instruments of crime for which he was convicted; and he was charged with a fabricated firearm charge as a pretense to keep him imprisoned to maintain the integrity of an ongoing narcotics investigation. Appellant also averred that the trial court's sentence was illegal because it applied the mandatory minimum sentence in section 9714 of the Sentencing Code[6] in violation of

---

[2] *See* 18 Pa.C.S. §§901-903, 907, and 7512, respectively.

[3] The Pennsylvania Superior Court affirmed the sentence and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

[4] 42 Pa.C.S. §§9541-9546.

[5] The Pennsylvania Superior Court affirmed the denial of post-conviction relief and Appellant did not seek allowance of appeal to the Pennsylvania Supreme Court.

[6] 42 Pa.C.S. §9714.

the United States Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013), which held that any fact that increases mandatory minimum sentencing is an element of the crime that must be submitted to a jury and found beyond a reasonable doubt.

On January 27, 2015, Appellees filed preliminary objections to Appellant's habeas application, alleging that, although Appellant is seeking a writ of habeas corpus, the trial court did not have jurisdiction over the application because it constituted an untimely PCRA petition.[7] Appellees noted that the PCRA is the sole means for achieving post-conviction relief and subsumes the writ of habeas corpus unless the PCRA does not provide a remedy. According to Appellees, Appellant's claim is cognizable under the PCRA because he was convicted of a crime, is currently imprisoned for that crime, and is challenging the constitutionality of his sentence. Therefore, Appellees argued that Appellant's application must be treated as a PCRA petition, the trial court lacked jurisdiction over the PCRA petition because it was not filed within the one-year statute of limitations, and Appellant did not satisfy any of the exceptions to the timeliness requirement.

On February 7, 2015, Appellant filed preliminary objections to Appellees' preliminary objections, arguing, *inter alia*, that Appellees' preliminary objections should be overruled because Appellant's firearm charge was nolle prossed and, therefore, he could not challenge the same or obtain relief under the PCRA.

On February 12, 2015, Appellees filed a response to Appellant's preliminary objections, asserting that Appellant's argument that his conviction was

_____

[7] On January 27, 2015, Appellees also filed a motion to amend preliminary objections for failure to provide the requisite Notice to Plead, which the trial court granted on February 6, 2015. Appellees filed amended preliminary objections on February 9, 2015, and Appellant filed a response to Appellees' amended preliminary objections on March 2, 2015.

unlawfully obtained constitutes a collateral attack on his conviction and, therefore, is cognizable under the PCRA.[8]

By order dated April 23, 2015, the trial court overruled Appellant's preliminary objections and directed him to file a response to Appellees' preliminary objections within twenty days, which Appellant filed on May 6, 2015. On July 28, 2015, Appellant filed a motion for summary judgment, alleging that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law because the firearm charge was nolle prossed and, therefore, he is ineligible for PCRA relief. On August 13, 2015, Appellees filed a motion to strike Appellant's motion for summary judgment, alleging that Appellant's motion for summary judgment was premature because the pleadings had not closed; specifically, Appellees' amended preliminary objections were still pending.

By order dated October 6, 2015, the trial court sustained Appellees' amended preliminary objections and dismissed Appellant's habeas application without prejudice to file a PCRA petition in the trial court's criminal division.[9] Appellant filed a timely appeal.[10]

---

[8] By order dated April 16, 2015, the trial court transferred and consolidated the matter with a case pending in the trial court's criminal division. However, by order dated April 22, 2015, the trial court vacated its April 16, 2015 order.

[9] On October 28, 2015, Appellant filed a motion requesting clarification of the trial court's October 6, 2015 order directing Appellant to file a PCRA petition because any PCRA petition would be untimely. This motion is currently outstanding.

[10] By order dated February 16, 2016, the Pennsylvania Superior Court transferred the present matter to this Court pursuant to Pennsylvania Rule of Appellate Procedure 751.

On appeal to this Court,[11] Appellant argues that the trial court erred in determining that his claim was cognizable under the PCRA because it involved a firearm charge that was nolle prossed. According to Appellant, he does not meet the eligibility requirements for PCRA relief and, therefore, the only relief available to him is through a habeas application. Additionally, Appellant alleges that the trial court erred in sustaining Appellees' preliminary objections and dismissing his complaint without prejudice to file a PCRA petition because any subsequent PCRA petition would be untimely. Appellant further avers that the trial court should have conducted an evidentiary hearing on his habeas petition because he has pled facts demonstrating that a firearm was planted to preserve the integrity of an ongoing narcotics investigation, which indicates fraud on the court and an abuse of process. Moreover, Appellant argues that an evidentiary hearing is warranted because the Commonwealth deliberately destroyed exculpatory evidence and committed unlawful spoliation of evidence.

Conversely, Appellees argue that the trial court's decision was proper because Appellant was convicted of a crime, is currently imprisoned for that crime, and alleges that he is serving an illegal sentence in violation of his constitutional rights. According to Appellees, Appellant is seeking to collaterally attack his current conviction, which makes his claims cognizable under the PCRA.

---

[11] Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Podolak v. Tobyhanna Township Board of Supervisors*, 37 A.3d 1283, 1286-87 (Pa. Cmwlth. 2012).

5

## Discussion

Regarding habeas corpus relief, the general rule is that "an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever." 42 Pa.C.S. §6503(a). However, "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa.C.S. §6503(b).

Indeed, the PCRA states:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. *The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus* and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequence of a criminal conviction. . . .

42 Pa.C.S. §9542 (emphasis added).

Section 9543(a) of the PCRA states the eligibility requirements for PCRA relief:

> (a) **General Rule**.-- To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence *all of the following*:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

6

> (i)   currently serving a sentence of imprisonment, probation or parole for the crime;
>
> *   *   *
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i)   A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > *   *   *
>
> (3)   That the allegation of error has not been previously litigated or waived.
>
> (4)   That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. [12]

42 Pa.C.S. §9543(a) (emphasis added).

It is well settled that "[i]ssues concerning the legality of sentence are cognizable under the PCRA." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). *Cf. Commonwealth v. West*, 938 A.2d 1034, 1044 (Pa. 2007) (holding that the defendant's challenge fell outside the ambit of the PCRA because his claim "[did] not implicate the truth determining process underlying his conviction and sentence, nor [did] it implicate the legality of the sentence imposed."). However, the writ of habeas

---

[12] By Pennsylvania Supreme Court order of August 11, 1997, section 9543(a)(4) of the PCRA is permanently suspended insofar as it references "unitary review."

corpus continues to exist as a separate remedy if the claim raised is not cognizable under the PCRA. *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. Super. 1998).

In his habeas application, Appellant challenged the legality of his current sentence and the process that led to his conviction. Specifically, Appellant alleged that his sentence is unconstitutional because: the Commonwealth improperly sought mandatory sentencing under 42 Pa.C.S. §9714(a)(1) in violation of the United States Supreme Court's decision in *Alleyne*; the Pennsylvania Attorney General's Office procured a grand jury indictment by fraud and the presentation of false testimony for crimes he never committed; the Commonwealth intentionally destroyed material, exculpatory evidence and lost evidence that was within its sole possession; the Commonwealth never proved he committed overt acts necessary for a conspiracy conviction; and he was precluded from offering testimony regarding the legitimate purpose of the alleged instruments of crime for which he was convicted. Because Appellant's claims implicate the truth-determining process and the legality of the sentence imposed, these claims are clearly cognizable under the PCRA and should be brought under the same.[13]

Regarding Appellant's claim that he does not meet the necessary eligibility requirements under section 9543(a) of the PCRA, i.e., a conviction, to challenge his firearm charge under the PCRA, we agree. Appellant was not convicted of the firearm charge and, therefore, cannot challenge the same under the PCRA. Because Appellant cannot challenge the withdrawn firearm charge under the PCRA, the writ of habeas corpus continues to exist as a separate remedy.

---

[13] This Court is unpersuaded by Appellant's argument that the trial court erred in dismissing his habeas application because any subsequent PCRA petition would be untimely. "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

However, "[t]his Court may affirm the order of the trial court on any basis apparent form the record." *In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d 853, 860 n.9 (Pa. Cmwlth. 2015). Accordingly, we now consider the merits of Appellant's firearm claim in the context of his habeas application.

The Pennsylvania Superior Court has stated that "[t]he writ of habeas corpus does not issue unless the petition contains allegations which, if true, establish that the prisoner *is being illegally detained*." *Commonwealth ex rel. Codispoti v. Rundle*, 190 A.2d 153, 154 (Pa. Super. 1963) (emphasis added). "The function of habeas corpus is not to correct a practice but only to ascertain whether the procedure complained of has resulted in an unlawful detention." *Id.* In other words, "[a]llegations which have no bearing on whether [a] petitioner is *at present being improperly or unlawfully detained* are not proper subject for habeas corpus." *Commonwealth ex rel. Davis v. Baldi*, 124 A.2d 390, 392 (Pa. Super. 1956) (emphasis added). *See also Commonwealth ex rel. Gearhart v. Cavell*, 144 A.2d 451, 452 (Pa. Super. 1958) ("[T]he writ of habeas corpus cannot be used to challenge a sentence which the relator is not serving.").

Here, it is undisputed that Appellant's firearm claim was withdrawn and he is not currently detained on that charge. To the extent that Appellant seeks to satisfy the "detention" requirement by claiming that he is currently incarcerated for crimes for which he was convicted, then these claims would necessarily have to be brought under the PCRA as a challenge to the legality of those convictions. That is, any investigatory or prosecutorial misconduct associated with the firearm charge that led to Appellant's convictions, whether directly or indirectly, would amount to a collateral attack on his convictions, which falls under the exclusive purview of the

PCRA. Thus, even if Appellant *was* improperly detained as a pretext to maintain the integrity of an ongoing narcotics investigation, the writ of habeas corpus does not issue in the present matter because, if true, Appellant's allegations have no bearing on whether he is *presently* being improperly or unlawfully detained. Consequently, the writ of habeas corpus is not available to Appellant to challenge his withdrawn firearm charge because his allegations have no bearing on whether his current detention is unlawful.

Therefore, the trial court did not err in concluding that habeas relief is unavailable to Appellant for his claims challenging the legality of his sentence because they must be brought under the PCRA. Similarly, although he does not meet the eligibility requirements to challenge his withdrawn firearm charge under the PCRA, habeas relief is unavailable to Appellant because his allegations have no bearing on whether his current detention is unlawful.

Accordingly, the trial court's order is affirmed.[14]

_____
PATRICIA A. McCULLOUGH, Judge

---

[14] Based on our foregoing disposition, we need not address Appellant's remaining arguments.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Jordan, : 
               Appellant : 
                :   No. 496 C.D. 2016
          v. : 
                : 
Trevor A. Wingard and : 
Kathleen G. Kane : 

## *ORDER*

AND NOW, this 21st day of November, 2016, the October 6, 2015 order of the Court of Common Pleas of Montgomery County is affirmed.

 

_____
PATRICIA A. McCULLOUGH, Judge