J-S81012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BRAHEIM JAMIER GOLDSBOROUGH | |
| Appellant | No. 67 EDA 2016 |

Appeal from the Order December 8, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002740-2009

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 19, 2016**

Braheim Jamier Goldsborough appeals *pro se* from the order entered December 8, 2015, denying his *habeas corpus* petition. We affirm.

The facts of Appellant's underlying conviction are as follows. On February 5, 2009, state police received reliable information that Appellant had concealed a large amount of cocaine in a grey Nissan 350Z. Relying on this information, state troopers established surveillance on the 300 block of Rural Avenue, in Chester. Troopers observed Appellant exit a residence, enter the Nissan, and briefly sit in the driver's seat. Troopers detained Appellant as he exited the vehicle. A search of Appellant's person revealed he possessed a digital scale with cocaine residue and marijuana. A search of the Nissan yielded five clear plastic bags of cocaine with an aggregate

_____
* Former Justice specially assigned to the Superior Court.

weight of 549 grams, and additional bags containing a common cutting agent.

Based on the foregoing, Appellant was charged with possession of a controlled substance (marijuana), possession of a controlled substance with intent to deliver (cocaine), and possession of drug paraphernalia. Following a four day trial, Appellant was convicted of possession of a controlled substance (marijuana) and possession of a controlled substance with intent to deliver (cocaine). The court sentenced Appellant to sixty to 120 months incarceration, plus fines and forfeiture of cash seized during his arrest. Appellant appealed his judgment of sentence, and this Court affirmed on April 21, 2014. ***Commonwealth v. Goldsborough***, 100 A.3d 296 (Pa.Super. 2014) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

Thereafter, Appellant filed a timely counseled PCRA petition. Upon order of the court, Appellant filed an amended PCRA petition alleging ineffectiveness of trial counsel, and a hearing on that petition was held on June 5, 2015. On September 14, 2015, the court denied Appellant's PCRA petition. Appellant did not file a post-trial motion or pursue appellate relief.

On November 16, 2015, Appellant filed a *pro se* motion styled as a *habeas* for discharge. In that petition, Appellant asserted that the court had granted, rather than denied, his PCRA petition on September 14, 2015. He requested that he be released from custody. The court denied Appellant's

petition by order filed December 8, 2015. This timely appeal followed. The court did not direct Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal. The court authored a Rule 1925(a) opinion. This matter is now ready for our review.

Appellant raises two claims for our consideration:

I.     Whether [trial counsel] Jacquie L. Jones rendered ineffective assistance of counsel by failing to compel identification of the confidential informant, call witnesses, testify to violations of sequestration order, seek a mistrial, or file objections and post-sentence motions?

II.    Whether [PCRA counsel] Richard Bobbe rendered ineffective assistance of counsel in his presentation of Appellant during PCRA proceedings?

Appellant's brief at 3.

At the outset, we observe that, generally, petitions filed after a judgment of sentence has become final are treated as petitions under the PCRA. **Commonwealth v. Stout**, 978 A.2d 984, 986 (Pa.Super. 2009) ("for the most part, the PCRA has subsumed the writ of *habeas corpus* as a means for obtaining post-conviction relief from a judgment of sentence."); 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*"). However, in construing the scope of the PCRA, "Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety

of a conviction or sentence." ***Commonwealth v. Masker***, 34 A.3d 841,

843 (Pa.Super. 2011) (*en banc*) (listing cases).

A claim is cognizable under the PCRA if the conviction or sentence

resulted from one of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> . . .
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>
> (vii) The imposition of sentence was greater than the lawful maximum.
>
> (viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Instantly, Appellant's *habeas corpus* petition did not raise a challenge to his conviction or sentence. Rather, Appellant asserted that he was being wrongfully incarcerated since the PCRA court purportedly granted his PCRA petition. Appellant's contentions that trial and PCRA counsel were ineffective were raised for the first time on appeal, and were not included in his *habeas* petition.[1] Thus, insofar as Appellant's petition raised a claim of wrongful incarceration, it was not cognizable under the PCRA. **See Commonwealth v. West**, 938 A.2d 1034 (Pa. 2007) (finding dispute properly analyzed pursuant to *habeas corpus* petition where issue was not cognizable under the PCRA); 42 Pa.C.S. § 9543(a)(2). As such, we will review this petition under the standards applicable to a writ of *habeas corpus*.

Our review of a writ of *habeas corpus* is conducted based on the following:

---

[1] It is well-settled that all constitutionally-cognizable claims of ineffective assistance of counsel are reviewable under the PCRA. **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126, 130 (Pa. 2001). Pursuant to **Dadario**, if Appellant's claims of counsel ineffectiveness were presented in his *habeas* petition, that petition would be reviewed as a second PCRA petition. However, Appellant's *habeas* petition did not raise these issues. Nevertheless, if Appellant's *habeas* petition was treated as a second PCRA petition, it was untimely as he filed it more than one year after his judgment of sentence became final and did not aver any exceptions to the PCRA timing requirements. **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011) (finding this Court lacks jurisdiction to consider a PCRA petition filed after the deadline enumerated in 42 Pa.C.S. § 9545, and the petitioner has not pled and proven that a statutory exception applies).

> Where a petitioner is legally detained in prison, he is not entitled to the writ of *habeas corpus*[.] To secure issuance of the writ, the prisoner must show that he has a right to be discharged[.] The writ of *habeas corpus* does not issue unless the petition contains allegations which, if true, establish that the prisoner is being illegally detained[.] The function of *habeas corpus* is not to correct a practice but only to ascertain whether the procedure complained of has resulted in an unlawful detention[.] The writ may not be used to invoke judicial determination of questions which do not affect the lawfulness of petitioner's custody and detention.

***Commonwealth ex rel. Codispoti v. Rundle***, 190 A.2d 153, 154 (Pa.Super. 1963) (internal quotation marks and citations omitted). We review a denial of a petition for writ of *habeas corpus* for an abuse of discretion. ***Commonwealth v. Judge***, 916 A.2d 511, 521 n.13 (Pa. 2007).

Appellant's *habeas* petition alleged that he filed an amended PCRA petition on March 13, 2015. *Habeas* Petition, 11/16/15, at ¶3. He contended that the court issued an order granting the amended petition on September 14, 2015, and appended a copy of the docket reflecting that disposition to his petition. *Id*. at ¶ 6. Appellant asserted that "the granting of said PCRA terminate[d] the prosecution of this case." *Id*. at ¶ 7. As Appellant remained incarcerated, he requested the court order his release from custody.

The court denied Appellant's *habeas* petition finding that his underlying PCRA petition was denied on September 14, 2015. Opinion, 2/24/16, at 1. The court observed that the order and findings supporting its denial of Appellant's PCRA petition were served upon Appellant's counsel. It found

that Appellant's PCRA counsel had provided Appellant with the original order denying his PCRA petition. *Id*. at 3. Furthermore, it noted that the docket entry reflecting that Appellant's PCRA petition had been granted was the result of a clerical error, and that the underlying document reflected that the petition was denied. Lastly, the court reviewed the docket and an affidavit submitted by the Director of the Office of Judicial Support of Delaware County. Based on its review, the court found that the erroneous entry was corrected on October 13, 2015. Hence, the court denied Appellant's *habeas* petition.

We discern no abuse of discretion in the court's denial of Appellant's *habeas* petition. Appellant relied solely on a clerical error to support his claim. The record reflects that Appellant had notice that his PCRA petition was denied, and that the inaccurate docket entry was corrected prior to the filing of his *habeas* petition. Furthermore, Appellant does not present any argument on appeal to support his assertion that he is currently being illegally detained, or that the court erred in denying his *habeas* petition. Indeed, his current claims are waived as they were not presented below. Pa.R.A.P. 302(a). Thus, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/2016</u>