J-S25023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER BOCELLI | : | |
| | : | |
| Appellant | : | No. 893 EDA 2021 |

Appeal from the Order Entered April 7, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004064-1990

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                Filed: November 18, 2021

Christopher Bocelli appeals the order denying his "Petition for Writ of *Habeas Corpus.*" He alleges that he is being illegally detained by the Department of Corrections ("DOC") because the court commitment form incorrectly states that he pled guilty. We affirm.

On July 19, 1991, a jury convicted Bocelli of First-Degree Murder, Robbery, Aggravated Assault, and Criminal Conspiracy.[1] Bocelli filed multiple post-trial motions, which the trial court ultimately denied on November 2, 1994. On February 8, 1995, the trial court sentenced Bocelli to life imprisonment. Relevant to this appeal, the trial court completed two court commitment forms for the DOC. The first, dated November 21, 1991, read

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 3701(a), 2702(a), and 903, respectively.

that Bocelli pled guilty to homicide and would be sentenced to life imprisonment. **See** Court Commitment Form ("November Form"), 11/21/91. The second, dated February 13, 1995, read that Bocelli had been found guilty of criminal homicide-first degree murder and would be sentenced to life without parole. **See** Court Commitment Form ("February Form"), 2/13/95. This Court affirmed the judgment of sentence and our Supreme Court denied Bocelli's petition for allowance of appeal. **Commonwealth v. Bocelli**, 671 A.2d 766 (Table) (Pa.Super. 1995) (unpublished memorandum), 677 A.2d 838 (Table) (Pa. 1996).

Following numerous, unsuccessful Post Conviction Relief Act ("PCRA") proceedings, Bocelli filed the instant *pro se* "Petition for Writ of *Habeas Corpus.*" Petition for Writ of *Habeas Corpus* ("Petition"), filed 2/24/21. Bocelli claimed that his judgment was "null and void" because the record did not contain evidence that he pled guilty or "that a verdict of guilt at homicide" was received. **Id.** at 7. Bocelli argued that the court commitment form "presents an irregularity" because Bocelli did not plead guilty and did not enter into a plea agreement with the Commonwealth. **Id.** at 9. He also argued that because the box for a guilty plea was checked, instead of the one for a guilty verdict, the form is void and his detention is illegal.

The court denied the petition concluding that it was "patently frivolous" and "without merit." Trial Ct. Op., filed 4/7/21, at 10. It acknowledged that the November Form "had the box 'pleading guilty' checked instead of the box 'being found guilty' checked" but explained that "[a] clerical mistake also does

not make the document null and void." *Id.* at 7. It went on to explain that the subsequent February Form "has the correct box of 'being found guilty' checked. Consequently, [Bocelli's] argument surrounding the 'pleading guilty' box being checked are moot." *Id.* at 9. This timely appeal followed.

Bocelli raises a single issue in this appeal: "Did the lower court abuse its discretion in recharacterizing the substance of [Bocelli's] argument and petition, and applying it against order 2/13/1995 instead of order 11/21/1991 as [Bocelli] originally intended?" Bocelli's Br. at 1.

We find no abuse of discretion. For purposes of this appeal, we assume, without deciding, that Bocelli's claim is not cognizable under the PCRA and that he properly sought relief in a petition for a writ of *habeas corpus.*

We review the denial of a petition for writ of *habeas corpus* for an abuse of discretion. *Rivera v. Pa. Dep't. of Corrs.*, 837 A.2d 525, 528 (Pa.Super. 2003). A writ of *habeas corpus* should not be granted where the petitioner is legally detained by the DOC. *See Commonwealth ex rel. Codispoti v. Rundle*, 190 A.2d 153, 154 (Pa.Super. 1963).

Bocelli argues that the trial court erred by focusing on the February Form instead of the November Form. He also claims the court recharacterized his argument. He maintains that his underlying argument is that the DOC is illegally detaining him based on the November commitment form. Bocelli's claim is meritless.

The trial court did not improperly recharacterize the substance of his argument. It addressed his claim about the November Form and agreed with

him that the form incorrectly states that he pled guilty. It then reviewed the record of his trial and concluded that the February Form correctly states that Bocelli was found guilty and the November Form simply contained a clerical error. It explained that the clerical error in the November Form does not negate the fact that a jury found Bocelli guilty of the above offenses and the trial court sentenced him pursuant to those offenses. He is not being illegally detained.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/21